UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife, and as Guardians ad Litem for MARIAH ARMSTRONG, a minor, | NO. |
| | NOTICE OF REMOVAL |
| Plaintiffs, | |
| v. | **Clerk's Action Required** |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO., USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all dba GRABER; MIKE AND ROBERTA QUIGGLE, individually and as husband and wife, and dba R & M INVESTORS, INC., a Washington corporation, | |
| Defendants. | |

NOW COME defendants Springs Window Fashions Manufacturing Co., USA, Inc.; Springs Industries, Inc., and Springs Window Fashions, LLC (collectively "Springs" or "the Springs Entities"), as and for their Notice of Removal of this action from the Superior Court of Washington, Mason County, state as follows:

1.

LAW OFFICE OF WILLIAM J. O'BRIEN
999 THIRD AVENUE, SUITE 805
SEATTLE, WA 98104
TELEPHONE (206) 515-4800/FAX (206) 515-4848

1   This Notice of Removal is filed pursuant to 28 U.S.C. § 1441, et seq.

2                                    2.

3       On April 6, 2011, the Springs Entities were served with copies of the Summons

4   and Complaint in this case, filed in the Superior Court of Washington, Mason County. A

5   true and correct copy of these Summonses and a true and correct copy of the Complaint

6   are attached collectively as Exhibit A.

7                                    3.

8       On July 28, 2011, following a scheduling conference with the Court, counsel for

9   Springs first discussed the case with counsel for codefendants Mike and Roberta Quiggle

10  and R&M Investors, Inc.  At that time, counsel for Springs was first told that Mike and

11  Roberta Quiggle received a discharge from the United States Bankruptcy Court from the

12  Western District of Washington on September 11, 2009, and that R&M Investors, Inc. no

13  longer exists and its assets have been liquidated.  This was confirmed by receipt on July

14  28, 2011 of the Answer to First Amended Complaint and Motion to Dismiss filed by

15  Mike and Roberta Quiggle and R&M Investors, Inc., a true and correct copy of which is

16  attached as Exhibit B.

17                                   4.

18      As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, orders, and

19  other documents on file in the State Court are attached as Exhibit C.

20                                   5.

21      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within

22  thirty days of first receipt by Defendants, through service or otherwise, of a copy of an

23  amended pleading, motion, order or other paper from which it may first be ascertained

24  that the case is one which is or has become removable. (See Exhibit B, served on Springs

25  on July 28, 2011.)

NOTICE OF REMOVAL - 2

6.

Also pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed less than one year after suit was commenced in the state court. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

7.

Venue of this removal is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Washington is the federal district court for the district embracing the place where the state court suit is pending.

8.

This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9.

At the time this action was filed, Plaintiffs were and continue to be citizens of the State of Washington.

10.

At the time this action was filed, each of the Springs Entities were and continue to be corporations organized and existing under the laws of State of South Carolina, with their principal places of business in South Carolina. Thus, Springs Window Fashions Manufacturing Co., USA, Inc.; Springs Industries, Inc., and Springs Window Fashions, LLC are citizens of the State of South Carolina.

11.

NOTICE OF REMOVAL - 3

The citizenship of defendants Mike and Roberta Quiggle and R&M Investors, Inc. should be disregarded for removal purposes because these defendants were fraudulently and frivolously joined in the Action. The Discharge of Debtor entered under 11 U.S.C. § 727 by the United States Bankruptcy Court for the Western District of Washington -- subsequent to the incident that forms the bases of all Plaintiffs' claims against these defendants -- conclusively establishes that all Plaintiffs' claims against these defendants are extinguished and were extinguished at the time of filing of the Complaint. (See Exhibit B.) This information was publicly available, including to Plaintiffs, at the time of filing. (See id.)

12.

Therefore, the citizenship of Mike and Roberta Quiggle and R&M Investors, Inc. should be disregarded for removal purposes, and the naming of Mike and Roberta Quiggle and R&M Investors, Inc. does not defeat removal of the Action.

13.

As established by the foregoing, the Springs Entities are the only defendants "properly joined and served" under 28 U.S.C. § 1441(b). Accordingly, the controversy in the action is wholly between citizens of different states. Plaintiffs are citizens of Washington and the Springs Entities are citizens of South Carolina.

14.

A district court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). That threshold is met in this action, as plaintiffs allege in Paragraph 3.7 of their Complaint that they seek $7.5 million in future medical costs, along with other damages. (See Exhibit A.)

15.

NOTICE OF REMOVAL - 4

The state court action may be removed to this Court by Springs in accordance with the provisions of 28 U.S.C. § 1441(a) and (b) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Washington; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to all counsel of record, and a Notice to Clerk of Removal has been simultaneously filed with the Superior Court for State of Washington, Mason County.

WHEREFORE, Defendants Springs Window Fashions Manufacturing Co., USA, Inc.; Springs Industries, Inc., and Springs Window Fashions, LLC hereby remove the above-captioned action from the Plaintiffs' counsel, and a Notice to Clerk of Removal has been simultaneously filed with the Superior Court for State of Washington, Mason County and requests that further proceedings be conducted in this Court as provided by law.

DATED this 24th day of August, 2011.

LAW OFFICE OF WILLIAM J. O'BRIEN

By: _____

Gregory G. Wallace, WSBA No. 29029
Attorneys for Defendants Springs Window
Fashions Mfg. Co. USA, Inc., Springs
Industries, Inc., and Springs Window
Fashions, LLC, all dba Graber

-and-

NOTICE OF REMOVAL - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Jameson B. Carroll (admitted *pro hac vice*)
Michael Weiss (admitted *pro hac vice*)
CARROLL & WEISS LLP
1819 Peachtree Road, Suite 104
Atlanta, GA 30309

Attorneys for Defendants Springs Window
Fashions Mfg. Co. USA, Inc., Springs
Industries, Inc., and Springs Window
Fashions, LLC, all dba Graber

EXHIBIT A

```
REC'D & FILED
MASON CO. WA.
2011 JAN 11  A II: 13
PAT SWARTOS, CO. CLERK
BY _____ TO.7 _____DEPUTY
```

ORIGINAL

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                  Plaintiffs,

vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation, d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife, d/b/a R & M Investors, Inc.,
a Washington Corporation,

                  Defendants.

No. 11 2 00028 5

**SUMMONS**

## THE STATE OF WASHINGTON

**TO:**   **DEFENDANTS ABOVE NAMED**

    A lawsuit has been started against you in the above-entitled court by the above-named plaintiffs, John and Kelly Armstrong individually as husband and wife and Guardians ad Litem for Mariah Armstrong, minor. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiffs within 20 days after the service of this summons, excluding the day of service, or within 60 days after the

SUMMONS-1

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-
13-08\Pleadings\Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

service of this summons if served outside of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiffs. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this _10_ day of January, 2011.


LAW OFFICES OF TERRY E. LUMSDEN


TERRY E. LUMSDEN WSBA 5254
Attorney for Plaintiffs


SUMMONS-2

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA.

2011 JAN 11 A 11: 14।

PAT SWARTOS, CO. CLERK

BY_____DEPUTY

ORIGINAL

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                Plaintiffs,

vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation, d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife, and d/b/a R & M Investors,
Inc., a Washington corporation,

                Defendants.

NO. 11 2 00028 5

COMPLAINT FOR INJURIES
AND DAMAGES IN TORT

COMES NOW the Plaintiffs, JOHN AND KELLY ARMSTRONG, husband and wife

and the parents of the minor child, MARIAH ARMSTRONG, duly appointed Guardians ad

COMPLAINT            – 1 –

\\Fileserver\shared office folders\TEL
Matters\Armstrong, Mariah 11-13-
08\Pleadings\Complaint.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

Litem to pursue the injury claims of their daughter referenced herein, by and through their

attorney of record, TERRY E. LUMSDEN, for a cause of action against Defendant SPRINGS

WINDOW FASHIONS MANUFACTURING CO. USA, INC. (hereafter "Springs Window"), a

foreign corporation, d/b/a GRABER; and MIKE & ROBERTA QUIGGLE, individually and as

husband and wife, and d/b/a R & M Investors, Inc., a Washington corporation, and allege:

### 1.0    PARTIES

1.1    Plaintiffs John and Kelly Armstrong are husband and wife, parents and appointed

Guardians ad Litem of the minor child, Mariah Armstrong, whose birthday is December 16,

2005.

1.2    Defendant Springs Window is a foreign corporation of the state of South

Carolina.

1.3    Mike and Roberta Quiggle are individuals and are husband and wife, and

1.4    Mike and Roberta Quiggle were doing business as R & M Investors, Inc., a

Washington corporation.

### 2.0    JURISDICTION

2.1    Plaintiffs at all times noted herein were residents of Mason County.

2.2    Springs Window is a foreign corporation of the state of South Carolina.

2.3    Mike and Roberta Quiggle are residents of Mason County.

2.4    R & M Investors, Inc. was a duly licensed and authorized corporation in the state

of Washington, doing business in Mason County.

COMPLAINT                                – 2 –

\\Fileserver\shared office folders\TEL
Matters\Armstrong, Mariah 11-13-
08\Pleadings\Complaint.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

2.5     Mason County Superior Court is the proper forum for this claim.

### 3.0     FACTS

3.1     Defendants Mike & Roberta Quiggle, individually, and as a married couple, and doing business as R & M Investors, Inc., purchased the home from a third party, remodeled the home and sold it on September 2, 2004 to Plaintiffs John and Kelly Armstrong.

3.2     On November 13, 2008 Mariah Armstrong was seriously and permanently injured after putting her head into her home's window blinds' cords designed, manufactured and sold by Defendant Springs Window, under the d/b/a of Graber.

3.3     For many years, manufacturers of window blinds' curtains, etc., including Springs Window, have known of the dangerous nature of window blinds' cords and the hazard they present to minor children.

3.4     Defendant Springs Window has participated in numerous industry meetings, studies and seminars to discuss and analyze this dangerous nature of window blinds' cords.

3.5     Defendant Springs Window has never issued a recall of its product either to wholesalers, retailers or homeowners, nor published in newspapers, magazines, internet or on television, that their window blinds' cords should be removed or otherwise made safe from a child being able to put its head through the cords and choking.

3.6     Defendant Springs Window was asked by Plaintiffs to assist in the expenses of medical treatment therapy and needed for Mariah Armstrong. It declined.

COMPLAINT                                    – 3 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

3.7    A preliminary Life Care Plan has been prepared for Mariah Armstrong not including all the future medical care she will need, not including her loss of future earnings, and not including her pain and suffering, at a cost of $7.5 million dollars.

## 4.0    CLAIMS

4.1    Defendant Springs Window negligently designed and/or constructed and sold window blinds' cords for the subject home under the trade name of Graber..

4.2    Defendant Springs Windows violated the Washington State Product Liability Act, RCW 7.72 et seq; including negligence, failure to warn, and strict liability.

4.3    Defendant Springs Window failed to follow up, recall, warn, or otherwise attempt to render safe the window blinds' cords, even after decades of overwhelming information about significant injuries to minor children who came into contact with such window blinds' cords.

4.4    Defendants Mike & Roberta Quiggle, individually, as a married couple and d/b/a R& M Investors, Inc. installed or failed to remove said window blinds' cords from the home they purchased, remodeled and sold to the Plaintiffs.

4.5    The negligence of Springs Window and Mike and Roberta Quiggle, individually, as a married couple and d/b/a R & M Investors, Inc., were the sole and proximate causes to Mariah's injuries and the parents' loss of consortium.

4.6    Mariah Armstrong suffered permanent, severe brain damage, pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and incurred medical bills past and future due to defendants' conduct.

COMPLAINT                        - 4 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

4.7    Mariah's parents, John and Kelly Armstrong, have suffered loss of consortium, love and affection and companionship with their daughter.

## 5.0    PUNITIVE DAMAGES

5.1    Plaintiffs reserve the right to amend the Complaint to add a claim for Punitive Damages under State of Washington "Conflict of Laws" analysis, from the defendant Springs Window Fashions state of incorporation, South Carolina, if the egregious conduct of Springs Window Fashions, as alleged herein, occurred in South Carolina. This reservation also applies if this lawsuit is ever removed to Federal Court.

## 6.0    PRAYER FOR RELIEF

61    Wherefore, Plaintiffs pray for judgment against the Defendants in such sum as will fairly compensate the Plaintiffs.

DATED this _10_ day of _Jan_, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

_Lumsden_

Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

COMPLAINT                         – 5 –

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\Complaint.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

EXHIBIT B

REC'D & FILED
HASON CO. WA

7011 JUL 21 P 1:58

PAT SWARTOS, CO. CLERK
BY————————————DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, Individually, as husband and wife and as Guardians as litem for MARIAH ARMSTRONG, minor <br><br> Plaintiff, <br><br> and <br><br> SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC, a foreign corporation, dba GRABER: MIKE & ROBERTA QUIGGLE, individually and as husband and wife, and dba R&M INVESTORS, INC. a Washington Corporation. <br><br> Defendant. | NO. 11-2-00028-5 <br><br> ANSWER TO FIRST AMENDED COMPLAINT AND MOTION TO DISMISS R&M INVESTORS, INC. AND MIKE AND ROBERTA QUIGGLE |

TO: ALL PARTIES HEREIN.

COMES NOW the above-named defendant and hereby answers Plaintiff's complaint as follows:

The defendants, R&M Investors Inc. and Mike and Roberta Quiggle, have insufficient knowledge as to the truth or falsity of all allegations in Plaintiff's complaint, and therefore DENY the same.

ANSWER TO FIRST AMENDED COMPLAINT
AND MOTION TO DISMISS - 1

ORIGINAL

KENNETH E. ROSSBACK
3219-6th Avenue
Tacoma, WA 98406
Phone: 253-573-1300
Fax: 253-752-6900

Mike and Roberta Quiggle filed a chapter 7 Bankruptcy Petition on May 22, 2009; a copy of the notice is attached hereto and incorporated herein by this reference.

Mike & Roberta Quiggle received a discharge order from the Bankruptcy Court on September 11, 2009; a copy of the notice is attached hereto and incorporated herein by this reference.

R&M Investors Inc. no longer exists and all assets thereof have been liquidated by the chapter 7 trustee in the above reference case.

The automatic stay imposed by the bankruptcy court prohibits any action from being taken against the debtors or their property.

Therefore Mike and Roberta Quiggle respectfully request that they be dismissed from this action.

Dated: _7-19-11_

Kenneth E. Rossback, WSBA #19560
Attorney for the Defendant

ANSWER TO FIRST AMENDED COMPLAINT
AND MOTION TO DISMISS - 2



KENNETH E. ROSSBACK
3219-6th Avenue
Tacoma, WA 98406
Phone: 253-573-1300
Fax: 253-752-6900

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court
### Western District of Washington
1717 Pacific Avenue
Suite 2100
Tacoma, WA 98402

REC'D & FILED
MASON CO. WA

2011 JUL 21 P 1 58

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

Case No. 09-43671-PBS
Chapter 7

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Michael C Quiggle
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584

Roberta L Quiggle
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584

Social Security/Individual Taxpayer ID No.:
xxx-xx-0082

xxx-xx-7944

Employer Tax ID/Other nos.:


## DISCHARGE OF DEBTOR


The Debtor(s) filed a Chapter 7 case on **May 22, 2009.** It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 727.


BY THE COURT

Dated: September 11, 2009

Paul B Snyder
United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**


ORIGINAL

United States Bankruptcy Court
Western District of Washington

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 05/22/2009 at 3:37 PM
and filed on 05/22/2009.

**FILED**
**05/22/2009**
**3:37 PM**

**Michael C Quiggle**
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584
SSN / ITIN: xxx-xx-0082

**Roberta L Quiggle**
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584
SSN / ITIN: xxx-xx-7944

The case was filed by the debtor's attorney:          The bankruptcy trustee is:

**Kenneth E Rossback**                                   **Kathryn A Ellis**
Attorney at Law                                          600 Stewart St Ste 1300
3219 6th Ave                                             Seattle, WA 98101
Tacoma, WA 98406-5901                                    206-682-5002
253-573-1300

The case was assigned case number 09-43671-PBS to Judge Paul B Snyder.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available with a Pacer account log in at https://ecf.wawb.uscourts.gov or via public terminals at the
Clerk's Office, 1717 Pacific Avenue, Suite 2100, Tacoma, WA 98402 or 700 Stewart St, Room 6301,
Seattle, WA 98101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Mark L. Hatcher**
**Clerk, U.S. Bankruptcy**
**Court**

*ORIGINAL*

EXHIBIT C

REC'D & FILED
MASON CO. WA.

2011 JAN 11 A 11: 13

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

ORIGINAL

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

### IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                Plaintiffs,

vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation, d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife, d/b/a R & M Investors, Inc.,
a Washington Corporation,

                Defendants.

No. **11 2 0 0028** 5

**SUMMONS**

**THE STATE OF WASHINGTON**

**TO:** **DEFENDANTS ABOVE NAMED**

    A lawsuit has been started against you in the above-entitled court by the above-named plaintiffs, John and Kelly Armstrong individually as husband and wife and Guardians ad Litem for Mariah Armstrong, minor. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiffs within 20 days after the service of this summons, excluding the day of service, or within 60 days after the

SUMMONS-1

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

service of this summons if served outside of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiffs. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this ___10___ day of January, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

TERRY E. LUMSDEN WSBA 5254
Attorney for Plaintiffs

SUMMONS-2

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA.

2011 JAN 11 A 11: 14

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

ORIGINAL

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife and as Guardians ad Litem for MARIAH ARMSTRONG, minor<br><br>                       Plaintiffs,<br><br>    vs.<br><br>SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation, d/b/a GRABER; MIKE & ROBERTA QUIGGLE, individually and as husband and wife, and d/b/a R & M Investors, Inc., a Washington corporation,<br><br>                       Defendants. | **11 2 00028 5**<br>NO.<br><br>**COMPLAINT FOR INJURIES AND DAMAGES IN TORT** |

    COMES NOW the Plaintiffs, JOHN AND KELLY ARMSTRONG, husband and wife and the parents of the minor child, MARIAH ARMSTRONG, duly appointed Guardians ad

COMPLAINT             – 1 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

Litem to pursue the injury claims of their daughter referenced herein, by and through their attorney of record, TERRY E. LUMSDEN, for a cause of action against Defendant SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC. (hereafter "Springs Window"), a foreign corporation, d/b/a GRABER; and MIKE & ROBERTA QUIGGLE, individually and as husband and wife, and d/b/a R & M Investors, Inc., a Washington corporation, and allege:

<h2>1.0      PARTIES</h2>

1.1     Plaintiffs John and Kelly Armstrong are husband and wife, parents and appointed Guardians ad Litem of the minor child, Mariah Armstrong, whose birthday is December 16, 2005.

1.2     Defendant Springs Window is a foreign corporation of the state of South Carolina.

1.3     Mike and Roberta Quiggle are individuals and are husband and wife, and

1.4     Mike and Roberta Quiggle were doing business as R & M Investors, Inc., a Washington corporation.

<h2>2.0      JURISDICTION</h2>

2.1     Plaintiffs at all times noted herein were residents of Mason County.

2.2     Springs Window is a foreign corporation of the state of South Carolina.

2.3     Mike and Roberta Quiggle are residents of Mason County.

2.4     R & M Investors, Inc. was a duly licensed and authorized corporation in the state of Washington, doing business in Mason County.

COMPLAINT          – 2 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

2.5     Mason County Superior Court is the proper forum for this claim.

### 3.0     FACTS

3.1     Defendants Mike & Roberta Quiggle, individually, and as a married couple, and doing business as R & M Investors, Inc., purchased the home from a third party, remodeled the home and sold it on September 2, 2004 to Plaintiffs John and Kelly Armstrong.

3.2     On November 13, 2008 Mariah Armstrong was seriously and permanently injured after putting her head into her home's window blinds' cords designed, manufactured and sold by Defendant Springs Window, under the d/b/a of Graber.

3.3     For many years, manufacturers of window blinds' curtains, etc., including Springs Window, have known of the dangerous nature of window blinds' cords and the hazard they present to minor children.

3.4     Defendant Springs Window has participated in numerous industry meetings, studies and seminars to discuss and analyze this dangerous nature of window blinds' cords.

3.5     Defendant Springs Window has never issued a recall of its product either to wholesalers, retailers or homeowners, nor published in newspapers, magazines, internet or on television, that their window blinds' cords should be removed or otherwise made safe from a child being able to put its head through the cords and choking.

3.6     Defendant Springs Window was asked by Plaintiffs to assist in the expenses of medical treatment therapy and needed for Mariah Armstrong. It declined.

COMPLAINT                                    - 3 -

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

3.7    A preliminary Life Care Plan has been prepared for Mariah Armstrong not including all the future medical care she will need, not including her loss of future earnings, and not including her pain and suffering, at a cost of $7.5 million dollars.

### 4.0    CLAIMS

4.1    Defendant Springs Window negligently designed and/or constructed and sold window blinds' cords for the subject home under the trade name of Graber..

4.2    Defendant Springs Windows violated the Washington State Product Liability Act, RCW 7.72 et seq; including negligence, failure to warn, and strict liability.

4.3    Defendant Springs Window failed to follow up, recall, warn, or otherwise attempt to render safe the window blinds' cords, even after decades of overwhelming information about significant injuries to minor children who came into contact with such window blinds' cords.

4.4    Defendants Mike & Roberta Quiggle, individually, as a married couple and d/b/a R& M Investors, Inc. installed or failed to remove said window blinds' cords from the home they purchased, remodeled and sold to the Plaintiffs.

4.5    The negligence of Springs Window and Mike and Roberta Quiggle, individually, as a married couple and d/b/a R & M Investors, Inc., were the sole and proximate causes to Mariah's injuries and the parents' loss of consortium.

4.6    Mariah Armstrong suffered permanent, severe brain damage, pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and incurred medical bills past and future due to defendants' conduct.

COMPLAINT                                          - 4 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

4.7   Mariah's parents, John and Kelly Armstrong, have suffered loss of consortium, love and affection and companionship with their daughter.

### 5.0   PUNITIVE DAMAGES

5.1   Plaintiffs reserve the right to amend the Complaint to add a claim for Punitive Damages under State of Washington "Conflict of Laws" analysis, from the defendant Springs Window Fashions state of incorporation, South Carolina, if the egregious conduct of Springs Window Fashions, as alleged herein, occurred in South Carolina. This reservation also applies if this lawsuit is ever removed to Federal Court.

### 6.0   PRAYER FOR RELIEF

61   Wherefore, Plaintiffs pray for judgment against the Defendants in such sum as will fairly compensate the Plaintiffs.

DATED this _10_ day of _Jan_, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

COMPLAINT                                  - 5 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

REC'D & FILED
MASON CO. WA.

2011 JAN 11 A 11: 14

PAT SWARTOS, CO. CLERK

BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually as husband and wife and Guardians ad Litem for MARIAH ARMSTRONG, minor | No. 11 2 06028 5 |
| Plaintiffs, | PETITION FOR APPOINTMENT OF GUARDIANS AD LITEM FOR MINOR MARIAH ARMSTRONG |
| vs. | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation; R & M INVESTORS, INC., a Washington corporation; MIKE AND ROBERTA QUIGGLE, husband and wife | |
| Defendants | |

3

COMES NOW TERRY E. LUMSDEN, the petitioner and attorney for the minor herein, and alleges as follows:

PETITION FOR APPOINTMENT OF
GUARDIANS AD LITEM FOR MINOR
MARIAH ARMSTRONG-1

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\GALpetition.doc

LAW OFFICES OF
TERRY E. LUMSDEN
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

## I.

Mariah Armstrong is a minor of 5 years of age who was seriously and permanently injured on November 13, 2008, after putting her head into window blinds' cords. Her date of birth is December 16, 2005. John and Kelly Armstrong are the natural parents of Mariah Armstrong. They are responsible and proper persons to be appointed Guardians ad Litem to pursue the minor's claims.

## II.

Said minor has a cause of action against Springs Window Fashions Manufacturing CO., USA Inc., a foreign corporation of the State of South Carolina, R & M Investors, Inc, a corporation of the State of Washington and Mike and Roberta Quiggle, husband and wife, doing business as R & M Investors, Inc.

## III.

Said minor may appear in court only by a Guardian ad Litem. No other Guardian Ad Litem has been appointed.

WHEREFORE, Petitioner prays that this Court appoint JOHN AND KELLY ARMSTRONG, as Guardians ad Litem for the minor MARIAH ARMSTRONG for the purpose of pursuing this claim.

DATED this _10_ day of January, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

By: _____

Terry E. Lumsden, WSBA #5254
Petitioner/Attorney for the Minor

PETITION FOR APPOINTMENT OF
GUARDIANS AD LITEM FOR MINOR
MARIAH ARMSTRONG-2

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA.

2011 JAN 18 P 1: 20

PAT SWARTOS, CO. CLERK
BY _____ DEPUTY

**ORIGINAL**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually as husband and wife and
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                Plaintiffs,

vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation; R & M INVESTORS,
INC., a Washington corporation; MIKE AND
ROBERTA QUIGGLE, husband and wife

                Defendants

No. 11 2 00028 5

ORDER APPOINTING
GUARDIANS AD LITEM FOR
MINOR MARIAH ARMSTRONG

(Proposed) TAS



    THIS MATTER having come before the court upon the petition for appointment of John
and Kelly Armstrong as Guardians ad Litem of Mariah Armstrong, minor, the petitioner alleging
that the minor has a cause of action against the above-named defendants. Now, therefore, it is
hereby

//

**ORDER FOR APPOINTMENT OF GUARDIANS
AD LITEM FOR MINOR MARIAH ARMSTRONG**
-1

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-
13-08\Pleadings\gal ORDER.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORDERED that John and Kelly Armstrong are appointed Guardians ad Litem of Mariah Armstrong to pursue her injury claims.

DONE ~~IN OPEN COURT~~ this _18th_ day of _January_ 2011.

_Toni A. Sholla_

JUDGE / ~~COURT COMMISSIONER~~

Presented by:
LAW OFFICES OF TERRY E. LUMSDEN

_[signature]_

TERRY E. LUMSDEN, WSBA #5254
Petitioner/Attorney for the Minor

**ORDER FOR APPOINTMENT OF GUARDIANS
AD LITEM FOR MINOR MARIAH ARMSTRONG
-2**

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-
13-08\Pleadings\gal ORDER.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA

2011 APR - 1 P 12: 23

PAT SWARTOS, CO. CLERK
BY _____ TO-C ____ DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                        Plaintiffs,

        vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife; and     R & M
INVESTORS, INC., a Washington corporation,

                        Defendants.

No. 11-2-00028-5

## FIRST AMENDED SUMMONS

**THE STATE OF WASHINGTON**
**TO:    DEFENDANTS ABOVE NAMED**

    A lawsuit has been started against you in the above-entitled court by the above-named plaintiffs, John and Kelly Armstrong individually as husband and wife and Guardians ad Litem for Mariah Armstrong, minor.  Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

FIRST AMENDED SUMMONS-1

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\1ST Amended Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiffs within 20 days after the service of this summons, excluding the day of service, or within 60 days after the service of this summons if served outside of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiffs. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 31 day of March, 2011.


LAW OFFICES OF TERRY E. LUMSDEN


TERRY E. LUMSDEN WSBA 5254
Attorney for Plaintiffs


FIRST AMENDED SUMMONS-2

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\1ST Amended Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA

7011 APR -1 P 12: 23

PAT SWARTOS, CO. CLERK
BY_____ TO-14 _____ TY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife and as Guardians ad Litem for MARIAH ARMSTRONG, minor | NO. 11-2-00028-5 |
| Plaintiffs, | **FIRST AMEDED COMPLAINT FOR INJURIES AND DAMAGES IN TORT** |
| vs. | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all d/b/a GRABER; MIKE & ROBERTA QUIGGLE, individually and as husband and wife; and R & M INVESTORS, INC., a Washington corporation, | |
| Defendants. | |

COMES NOW the Plaintiffs, JOHN AND KELLY ARMSTRONG, husband and wife and the parents of the minor child, MARIAH ARMSTRONG, duly appointed Guardians ad

FIRST AMENDED COMPLAINT          - 1 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

Litem to pursue the injury claims of their daughter referenced herein, by and through their attorney of record, TERRY E. LUMSDEN, for a cause of action against named Defendants and allege:

## 1.0    PARTIES

1.1    Plaintiffs John and Kelly Armstrong are husband and wife, parents and appointed Guardians ad Litem of the minor child, Mariah Armstrong, whose birthday is December 16, 2005, and are residents of the State of Washington.

1.2    Defendants Springs Window Fashions Manufacturing Co. U.S.A., Inc.; Springs Industries, Inc; and Springs Window Fashions, LLC (hereafter "Springs Window"), are foreign corporations of the state of South Carolina, doing business as Graber.

1.3    Defendants Mike and Roberta Quiggle are individuals and are husband and wife, and are also "local Defendants" within the meaning of Federal Removal and Diversity Jurisdiction.

1.4    Defendant R & M Investors, Inc. (hereafter "R&M") was a Washington corporation and is also a "local Defendant" within the meaning of Federal Removal and Diversity Jurisdiction.

## 2.0    JURISDICTION

2.1    Plaintiffs at all times noted herein were residents of Mason County.

FIRST AMENDED COMPLAINT        – 2 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

2.2     Springs Window are foreign corporations of the state of South Carolina.

2.2     Springs Window violated the State of Washington Long Arm Statute RCW 4.28.185, by doing business in Washington and committing a tort in Washington, thus the State of Washington has jurisdiction over Springs Window, the non-resident defendant. Springs Window is a corporation engaged in the business of manufacturing, distributing and/or marketing, *inter alia* corded window covering products, including the window covering which is the subject of this litigation. Springs Window regularly transacts business in the State of Washington, maintains continuous and systematic business contacts with the State of Washington, derives substantial revenue from goods used or consumed in the State of Washington and it purposely directs business activities, including the sale of its window coverings to Washington residents. This cause of action arises out of these contacts with the State of Washington as the accident relates to the sale of window coverings manufactured, distributed and/or marketed by Springs Windows that were sold in the State of Washington to a resident of this state.

2.3     Defendants Mike and Roberta Quiggle are husband and wife and residents of Mason County, Washington.

2.4     R & M was a duly licensed and authorized corporation in the state of Washington, doing business in Mason County.

2.5     Mason County Superior Court is the proper forum for this claim.

FIRST AMENDED COMPLAINT          - 3 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

**3.0     FACTS**

3.1     Defendants Mike & Roberta Quiggle, individually, and as a married couple, and doing business as R & M Investors, Inc., purchased the home from a third party, remodeled the home and sold it on September 2, 2004 to Plaintiffs John and Kelly Armstrong.

3.2     On or about November 13, 2008, Mariah Armstrong was seriously and permanently injured after she became entangled in a cord of a corded window covering manufactured by Defendants Springs Window and was strangled, asphyxiated, and died. She was revived by her father but suffers severe and permanent brain damage.

3.3     Defendants Springs Window designed, fabricated, manufactured and sold the aforesaid corded window covering product in the course of Defendants' business, and at the time of doing so, knew the aforesaid product was in a defective condition, unreasonably dangerous when put to its reasonably anticipated use, and when used in a manner reasonably anticipated.

3.4     For many years, manufacturers of window coverings, etc., including Defendants Springs Window, have known of the dangerous nature of window blinds cords and the hazard they present to minor children.

3.5     Defendants Springs Window have never issued an adequate and/or proper recall of its product either to wholesalers, retailers or homeowners, nor adequately published in newspapers, magazines, internet or on television, appropriate information that their window blind cords should be removed or otherwise made safe from a child being able to put its head through the cords and choking.

FIRST AMENDED COMPLAINT          - 4 -

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

3.6     Defendants Springs Window were asked by Plaintiffs to assist in the expenses of medical treatment and therapy and needed for Mariah Armstrong. It declined.

3.7     As a direct and proximate result of the injuries caused by Defendants, each of them, Plaintiff Mariah Armstrong has been caused to suffer and will continue to suffer into the future significant medical damages for her care and treatment, loss of future earnings, pain and suffering, and pursuant to a preliminary Life Care Plan, the cost of said care and treatment exceeding $7.5 million dollars.

## 4.0     CLAIMS – SPRINGS WINDOW-PRODUCTS LIABILITY

4.1     Defendants Springs Window designed, fabricated, manufactured and sold the aforesaid corded window covering product in the course of Springs Window's business and at the time of doing so, knew the aforesaid product was in a defective condition, unreasonably dangerous when put to its reasonably anticipated use, and when used in the manner reasonably anticipated.

4.2     The product was sold by Defendants Springs Window in a defective and an unreasonably dangerous condition in one or more of the following respects:

     a.    Defendants' product was sold without mechanisms to prevent strangulation;

     b.    Defendants' product contained cords capable of obtaining a length in excess of 7 1/4 inches which posed an unreasonable risk of strangulation.

     c.    Defendants' product failed to contain proper warnings and/or failed to provide adequate information regarding possible strangulation hazards

FIRST AMENDED COMPLAINT           – 5 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

associated with the product.

    d.    Defendants' product failed to contain a lift cord system that would eliminate cords and/or the risk of strangulation.

    e.    Defendants' product failed to comply with the 1996 and 2000 recall programs in that product was not modified, retrofitted, recalled or redesigned to avoid the risk of strangulation.

    f.    Defendants' product at the time of sale and/or installation failed to have adequate safety devices to reduce access to and/or eliminate loops and cord hazards.

4.3    The death, and resuscitation, of Mariah Armstrong occurred as a direct and proximate result of one or more of the aforesaid defective conditions in which the existing corded window covering product was sold by Springs Window.

4.4    As a result of the aforesaid product defects, Mariah Armstrong suffered permanent and severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future due to Defendants' conduct.

4.5    Mariah Armstrong's parents, John and Kelly Armstrong, have suffered loss of consortium, love, affection and companionship with their daughter.

## 5.0    CLAIMS -- SPRINGS WINDOW - NEGLIGENCE

5.1    Defendants Springs Window designed, fabricated, manufactured and sold the aforesaid corded window covering product in the course of Defendants' business and at the time of doing so, was negligent in that it knew or should have known that the aforesaid product was in

FIRST AMENDED COMPLAINT    - 6 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

a defective condition and unreasonably dangerous when put to its reasonably anticipated use, and when used in a manner reasonably anticipated.

5.2 Defendants Springs Window failed to use ordinary care in the design, manufacture, testing, labeling, distributing, supplying, servicing and retailing of the blind and its component parts so as to not injure or kill its users, including Mariah Armstrong, in one or more of the following respects:

a. Defendants were negligent in allowing the aforesaid product to be sold without mechanisms to prevent strangulation;

b. Defendants were negligently allowed the product to contain cords capable of obtaining a length in excess of 7 1/4 inches which pose an unreasonable risk of strangulation.

c. Defendants' product negligently failed to contain proper warnings and/or failed to provide adequate information regarding the possible strangulation hazards associated with the product.

d. Defendants' product negligently failed to contain a lift cord system that would eliminate cords and/or the risk of strangulation.

e. Defendants negligently failed to take adequate measures to redesign their product to avoid the risk of strangulation;

f. Defendants negligently failed to modify, retrofit and/or adequately recall a known defective product sold by them, having undertaking to do so.

g. Defendants negligently failed to supply with the product at the time of sale and/or installation adequate safety devices to reduce access to and/or eliminate loops and cord hazards.

h. Defendants' product was negligently manufactured and sold in a condition such that it failed to perform safely as an ordinary consumer would expect when the product was used in a reasonably foreseeable manner.

FIRST AMENDED COMPLAINT          – 7 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

i.. Defendants were negligent in failing to retrofit the aforesaid window covering pursuant to the 1994 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

j. Defendants knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate cords and/or the aforesaid danger.

k. Defendants failed to consult with purchasers at the time of purchase, and/or by providing adequate safety information on the exterior packaging, as to which product would be most suitable for the application purchaser intended and failed to consult with Plaintiff regarding alternative feasible products including cordless alternatives.

5.3 The injuries to Mariah Armstrong occurred as a direct and proximate result of one or more of the aforesaid defective conditions which existed when the corded window covering product was sold by Defendants Springs Window.

5.4 As a result of the aforesaid product defects, Mariah Armstrong suffered permanent and severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future due to Defendants' conduct.

**6.0 CLAIMS - SPRINGS WINDOW - FAILURE TO WARN**

6.1 Defendants Springs Window manufactured, sold, placed into the stream of commerce and allowed to be installed into the home of Plaintiffs a defective window covering. Said window covering was sold in the course and scope of Defendants Springs Window's

FIRST AMENDED COMPLAINT — 8 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

business.

      6.2    The window covering was unreasonably dangerous when put to its reasonably anticipated use without the knowledge of its characteristics.

      6.3    The window covering failed to contain adequate warnings or instructions concerning the safe methods for installation and use and/or adequate warnings of the danger of strangulation as referenced herein; Defendants Springs Window further failed to warn as to the most suitable product for the application.

      6.4    At all pertinent times hereto, the window covering was used in the manner reasonably anticipated by Defendants Springs Window.

      6.5    As a direct and proximate result of Defendants Springs Window's failure, Mariah Armstrong strangled on a corded window covering. As a result, Mariah Armstrong and her parents, John and Kelly Armstrong, were damaged.

## 7.0    CLAIMS – QUIGGLE – NEGLIGENCE

      7.1    At all relevant times hereto, the Quiggle Defendants were in the business of purchasing property and renovating the said property for sale.

      7.2    The Quiggle Defendants, as prior owners of the home in the business of rehabbing properties had a duty to keep and maintain the premises in a reasonably safe condition.

      7.3    The Quiggle Defendants had a duty to use reasonable care in looking for and discovering dangerous conditions that they either knew or should have known as a result of

FIRST AMENDED COMPLAINT      - 9 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

being in the remodeling business.

7.4    The Quiggle Defendants allowed corded window covering products, which they knew or should have known were unsafe, to remain in the subject home, creating risk of injury to persons residing in the home upon sale, including Mariah Armstrong.

7.5    The Quiggle Defendants sold the home to the Armstrongs and in doing so, knew or should have known of the foreseeable and unsafe condition of the window covering product and knew or should have known of the potential uses of corded window covering products.

7.6    The Quiggle Defendants were negligent in installing and/or maintaining or allowing the window covering to remain in the property in or more of the following respects:

   a.    The Quiggle Defendants were negligent in the maintenance of the blind, in that, Defendants negligently allowed to remain cords of greater than 7 1/4 inches in length, in an unsecured fashion, creating an unreasonable risk of danger of cord strangulation;

   b.    The Quiggle Defendants were negligent in failing to retrofit the aforesaid blinds pursuant to the 1994 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

   c.    The Quiggle Defendants knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate the aforesaid danger.

   d.    The Quiggle Defendants were negligent in that they knew or should have known that the retrofit kits and tie down devices were available for installation, yet failed to obtain and install such retrofit kits of the recalled window coverings for the home.

   e.    The Quiggle Defendants knew or should have known that the corded window covering product in question was defective at the time of installation, yet installed it and/or allowed it to remain despite such

FIRST AMENDED COMPLAINT           - 10 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

known danger.

        f.      Upon learning that the window covering in question was defective, the Quiggle Defendants failed to remove it from the apartment in question and/or modify the product to reduce the risks of strangulation.

        g.     The Quiggle Defendants were negligent in renting an apartment which had dangerous and defective window coverings, on which the hang tag warnings had been removed.

        h.     The Quiggle Defendants failed to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

        i.      The Quiggle Defendants failed to make a reasonable investigation to discover dangerous conditions on the rental property, to wit, the window coverings that had been recalled in 1994 and 2000 for posing an unacceptable risk of strangulation to small children.

        j.      The Quiggle Defendants failed to warn of the aforesaid known dangers and/or defective conditions.

    7.7    The negligence of the Quiggle Defendants caused or contributed to cause the severe and permanent injuries sustained by Mariah Armstrong and her parents, John and Kelly Armstrong.

    7.8    As a result of the aforesaid negligence, Mariah Armstrong suffered permanent and severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future, and Mr. and Mrs. Armstrong suffered loss of consortium, due to Defendants' conduct.

FIRST AMENDED COMPLAINT     - 11 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

## 8.0     CLAIMS –R&M– NEGLIGENCE

8.1     At all relevant times hereto, R&M was in the business of purchasing property and renovating the said property for sale.

8.2     R&M, as a prior owner of the home in the business of rehabbing properties had a duty to keep and maintain the premises in a reasonably safe condition.

8.3     R&M had a duty to use reasonable care in looking for and discovering dangerous conditions that it either knew or should have known as a result of being in the remodeling business.

8.4     R&M allowed corded window covering products, which it knew or should have known were unsafe, to remain in the subject home, creating risk of injury to persons residing in the home upon sale, including Mariah Armstrong.

8.5     R&M sold the home to the Armstrongs and in doing so, knew or should have known of the foreseeable and unsafe condition of the window covering product and knew or should have known of the potential uses of corded window covering products.

8.6     R&M was negligent in installing and/or maintaining or allowing the window covering to remain in the property in or more of the following respects:

         a.     R&M was negligent in the maintenance of the blind, in that, Defendant negligently allowed to remain cords of greater than 7 1/4 inches in length, in an unsecured fashion, creating an unreasonable risk of danger of cord strangulation;

         b.     R&M was negligent in failing to retrofit the aforesaid blinds pursuant to the 1994 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

FIRST AMENDED COMPLAINT       - 12 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

c.     R&M knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate the aforesaid danger.

d.     R&M was negligent in that it knew or should have known that the retrofit kits and tie down devices were available for installation, yet failed to obtain and install such retrofit kits of the recalled window coverings for the home.

e.     R&M knew or should have known that the corded window covering product in question was defective at the time of installation, yet installed it and/or allowed it to remain despite such known danger.

f.     Upon learning that the window covering in question was defective, R&M failed to remove it from the apartment in question and/or modify the product to reduce the risks of strangulation.

g.     R&M was negligent in renting an apartment which had dangerous and defective window coverings, on which the hang tag warnings had been removed.

h.     R&M failed to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

i.     R&M failed to make a reasonable investigation to discover dangerous conditions on the rental property, to wit, the window coverings that had been recalled in 1994 and 2000 for posing an unacceptable risk of strangulation to small children.

j.     R&M failed to warn of the aforesaid known dangers and/or defective conditions.

8.7     The negligence of R&M caused or contributed to cause the severe and permanent injuries sustained by Mariah Armstrong and her parents, John and Kelly Armstrong.

8.8     As a result of the aforesaid negligence, Mariah Armstrong suffered permanent and

FIRST AMENDED COMPLAINT     - 13 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future, and Mr. and Mrs. Armstrong suffered loss of consortium, due to Defendants' conduct.

## 9.0    PRAYER FOR RELIEF

9.1    Wherefore, Plaintiffs pray for judgment against the Defendants in such sum as will fairly compensate the Plaintiffs, together with costs herein expended and such further relief as the Court deems just and proper.

DATED this _31_ day of March, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

_____
Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT          - 14 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA.

2011 APR 11  P 4: 04 1

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife and as Guardians ad Litem for MARIAH ARMSTRONG, minor | NO.   11-2-00028-5 |
| Plaintiffs, | **MOTION FOR ORDER AUTHORIZING SERVICE BY MAIL** |
| vs. | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all d/b/a GRABER; MIKE & ROBERTA QUIGGLE, individually and as husband and wife; and      R & M INVESTORS, INC., a Washington corporation, | **CR(4)(d)(4)** |
| Defendants. | |

MOTION FOR ORDER AUTHORIZING
SERVICE BY MAIL            - 1 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

## I.     RELIEF REQUESTED

COMES NOW the Plaintiff, by and through her attorney of record, Terry E. Lumsden, and prays the court for authority to process service on Defendants Mike Quiggle, Roberta Quiggle and R&M Investors, Inc. by regular and certified mailing copies of the Complaint, First Amended Complaint and First Amended Complaint.

## II.     FACTS

Plaintiff delivered copies for service on the subject Defendants to ABC Legal Messenger Service on Friday, April 1, 2011. Plaintiff has been advised by ABC that numerous attempts have been made at Defendant's last known address: 275 E Spencer Glen, Shelton, WA 98584. We are told this is a garage of a duplex in which they live. Plaintiff's counsel has been told a car registered to Defendants has been parked at that site (see attached Declaration of Lydia Patterson). There has been no response to numerous knocks on the door and inquiries to the duplex resident (see attached Declaration of Lydia Patterson). Neighbors and the duplex resident affirm the Defendants live there.

Plaintiff has retained an independent process server to attempt service and "stake out" the residence. Plaintiff has also retained the Mason County Sheriff's Office, Civil Division, to attempt service. Today the local county deputy Sheriff spoke with Mr. Quiggle on the phone and Mr. Quiggle confirmed 275 E Spencer Glen, Shelton, WA 98584 is the address of his home and that he and his wife would be out of the county for several days and instructed the officer to put the papers in his home through the dog door. The officer and the process server did so.

MOTION FOR ORDER AUTHORIZING
SERVICE BY MAIL                                    – 2 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

III.   LAW

CR(d)(4) states as follows:

> *Alternative to Service by Publication.* In circumstances justifying
> service by publication, in the serving party files an affidavit stating
> facts from which the court determines that service by mail is just as
> likely to give actual notice as service by publication, the court may
> order that service be made by any person over 18 years of age, who
> is competent to be a witness, other than a party, by mailing copies of
> the summons and other process to the party to be served at his last
> known address or any other address determined by the court to be
> appropriate. Two copies shall be mailed, postage prepaid, one by
> ordinary first class mail and the other by a form of mail requiring
> receipt showing when and to whom it was delivered. The envelopes
> must bear the return address of the sender. The summons shall
> contain the date it was deposited in the mail and shall require the
> defendant to appear and answer the complaint within 90 days from
> the date of mailing. Service under this subsection has the same
> jurisdictional effect as service by publication.

DATED this ___ day of April, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

_____

Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

MOTION FOR ORDER AUTHORIZING
SERVICE BY MAIL                    - 3 -

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA.

2011 APR 11 P 4: 05

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR THE COUNTY OF MASON**

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife and as Guardians ad Litem for MARIAH ARMSTRONG, minor | NO. 11-2-00028-5 |
| Plaintiffs, | **DECLARATION OF LYDIA PATTERSON IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE BY MAIL** |
| vs. | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all d/b/a GRABER; MIKE & ROBERTA QUIGGLE, individually and as husband and wife; and R & M INVESTORS, INC., a Washington corporation, | **CR(4)(d)(4)** |
| Defendants. | |

DECLARATION OF LYDIA PATTERSON IN
SUPPORT OF MOTION FOR ORDER
AUTHORIZING SERVICE BY MAIL          - 1 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

Exhibit 1, attached hereto, is a list of vehicles registered to Mike and Roberta Quiggle. One, a 2000 Ford Explorer, WA license plate 77584DP, has been parked at the address of 275 E Spencer Glen, Shelton, WA 98584 all week.

Exhibit 2 attached hereto is confirmation of several attempts to serve Defendants by ABC Legal Messenger Service.

DATED this 11th day of April, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

Lydia Patterson
Paralegal to Terry E. Lumsden

DECLARATION OF LYDIA PATTERSON IN
SUPPORT OF MOTION FOR ORDER
AUTHORIZING SERVICE BY MAIL          - 2 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

# Lydia Patterson

**From:** Chris Woodruff [cpw_inv@comcast.net]

**Sent:** Thursday, April 07, 2011 11:13 AM

**To:** Lydia Patterson

**Subject:** Quiggle vehicles

2001 Mitsubishi Elcipse, red, WA plate 788YFY, tags current, registered to 271 E Spencer
Glenn Dr
1992 CARIB (sic) camper, WA plate 5799VT, tags current, reg at 275 E Spencer Glenn
2000 Ford Explorer, brown/cream, WA plate 77584DP, tags current, reg at 271 E Spencer
1987 Calkn - boat trailer, silver, WA plate 7525WN, tags expired March 2011, reg at 271 E
Spencer
1987 Searay, 18', hull reg WN-6363LD, tags current, reg to 271 E Spencer
2003 Dodge Neon, color not specified, WA plate 173ZUI, tags current, registered to Michele R.
Quiggle at 271 E Spencer

**Chris Woodruff | Woodruff & Associates, LLC**
1402 Lake Tapps Pkwy E · Suite F-104, # 160 · Auburn, WA 98092
PHONE: 253.876.9119
FAX: 866.445.7404
E-MAIL: cpw_inv@comcast.net

Ex. 1

SUPERIOR COURT, IN AND FOR THE COUNTY OF MASON, STATE OF WASHINGTON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, INDIVIDUALLY AS HUSBAND AND WIFE AND AS GUARDIAN AD LITEM FOR MARIAH ARMSTRONG, MINOR<br>vs.<br>SPRINGS WINDOW FASHIONS MANUFACTURING CO USA, INC., A FOREIGN CORPORATION; ET AL. | Cause No. 11-2-00028-5<br><br>Narrative Declaration of Attempted Service of COMPLAINT FOR INJURIES AND DAMAGES IN TORT; FIRST AMENDED COMPLAINT FOR INJURIES AND DAMAGES IN TORT; FIRST AMENDED SUMMONS |

State Of Washington County of Thurston

The undersigned hereby declares: That (s)he is now, and at all times herein mentioned, a citizen of the United States and resident of the State of Washington, over the age of eighteen, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On or about April 5 2011 ABC Legal Services, Inc. received the above listed document(s) for service on MIKE QUIGGLE at the address of 271 E SPENCER GLEN DR  SHELTON, WA 98584.

On 4/6/11 at 6:55pm I T. Hedgpeth, a qualified process server went to the address given for the subject listed above and found the premises to be vacant.

On 4/7/11 at 3:49pm I went to the address given by our client for the subject at 301 Wallace Kneeland Blvd #224, Shelton, WA 98584 but found this to be a private mail box company.

On 4/7/11 at 4:15pm I went to another address provide by our client for the subject at 370 Lakeshore Dr, Shelton, WA 98584. I spoke to a resident who stated this was the Earles residence and the subject was unknown here.

On 4/7/11 at 4:20pm I went to the address of 370 E Lakeshore Dr E, Shelton, WA 98584 and found this property to be vacant. It is managed by Properties Northwest of Gig Harbor.

On 4/7/11 at 4:36pm I went to the address of 275 E Spencer Glen, Shelton, WA 98584 but didn't receive a response at the door. There was a plum colored 2000 Ford Explorer on the premises with license number 77584DP what is registered to the subjects.

On 4/8/11 at 10:15am I returned to the Spencer Glen address but didn't receive any response at the door. There were no cars on the premises.

On 4/8/11 at 9:27pm I went to the Spencer Glen address but didn't receive response at the door. There were no cars on the premises.

FX 7

On 4/9/11 at 1:49pm I C. Heater, a qualified process server went to the Spencer Glen address but didn't receive a response at the door. The Ford seen on the prior attempt was on the premises. There is a place on the door with the names Mike & Robert Quiggle on it. Neighbor states since "truck" isn't there, the subject might not be home.

On 4/10/11 at 5:06pm I J. Heater, a qualified process server went to the given address but there was no response at the door.

On 4/11/11 at 6:46pm I C. Heater returned to the address given but received no response at the door.

At this time, ABC Legal Services, Inc. is unable to serve the defendant (s).

The information provided is deemed reliable, however, is not guaranteed to be an exhaustive effort to locate the subject(s). It is a summary of our attempts to locate the subject(s) listed for the purpose of service of legal process. ABC Legal Services, Inc. utilizes information provided by the client, obtained from public and private sources, and confidential informants as approved by the client.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

_____          Dated April 11 2011
T. Hedgpeth

_____
C. Heater

_____
J. Heater

REC'D & FILED
MASON CO. WA.

2011 APR 11 P 4: 05

PAT SWARTOS, CO. CLERK
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG,<br>individually, as husband and wife and as<br>Guardians ad Litem for MARIAH<br>ARMSTRONG, minor<br><br>                        Plaintiffs,<br><br>            vs.<br><br>SPRINGS WINDOW FASHIONS<br>MANUFACTURING CO. USA, INC., a<br>foreign corporation; SPRINGS INDUSTRIES,<br>INC., a foreign corporation; and SPRINGS<br>WINDOW FASHIONS, LLC, a foreign<br>corporation, all d/b/a GRABER; MIKE &<br>ROBERTA QUIGGLE, individually and as<br>husband and wife; and    R & M<br>INVESTORS, INC., a Washington corporation,<br><br>                        Defendants. | NO.  11-2-00028-5<br><br>**ORDER AUTHORIZING<br>SERVICE BY MAIL**<br><br>CR(4)(d)(4) |

Based upon Plaintiff's Motion and Declaration for Order Authorizing Service by Mail,

CR(4)(d)(4), it is hereby

ORDER AUTHORIZING SERVICE BY MAIL

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

ORDERED, AJUDGED AND DECREED that Plaintiff's counsel is authorized to mail to Defendants Mike Quiggle, Roberta Quiggle and R&M Investors, Inc., regular and certified, Complaint, First Amended Summons and First Amended Complaint.

DATED this ___ day of April, 2011.

_____
Judge/Court Commissioner

ROBERT SAUERLENDER

SUBMITTED this ___ day of April, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

_____
Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

ORDER AUTHORIZING SERVICE BY MAIL

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

REC'D & FILED
MASON CO. WA.

2011 APR 20  A 11: 09

PAT SWARTOS. CO. CLERK
BY _____ ay t _____ DEPUTY

1
2
3
4
5
6
7          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
           IN AND FOR THE COUNTY OF MASON
8

9    JOHN AND KELLY ARMSTRONG,
     individually, as husband and wife, and as        NO.   11-2-00028-5
10   Guardians ad Litem for MARIAH
     ARMSTRONG, a minor,                               **NOTICE OF APPEARANCE FOR
11                                                     DEFENDANTS SPRINGS
                         Plaintiffs,                   WINDOW FASHIONS
12                                                     MANUFACTURING CO., USA,
     v.                                                INC., SPRINGS INDUSTRIES,
13                                                     INC., and SPRINGS WINDOW
                                                       FASHIONS, LLC, all dba GRABER**
14   SPRINGS WINDOW FASHIONS
     MANUFACTURING CO., USA, INC., a
15   foreign corporation; SPRINGS INDUSTRIES,          <u>**Clerk's Action Required**</u>
     INC., a foreign corporation; and SPRINGS
16   WINDOW FASHIONS, LLC, a foreign
     corporation, all dba GRABER; MIKE AND
17   ROBERTA QUIGGLE, individually and as
     husband and wife, and dba R & M
18   INVESTORS, INC., a Washington
     corporation,
19
20                       Defendants.
21
22
23   TO:    THE CLERK OF THE COURT; and
24   TO:    TERRY E. LUMSDEN, Attorney for Plaintiffs:
25

NOTICE OF APPEARANCE - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

10

1      PLEASE TAKE NOTICE that the appearance of defendants, SPRINGS

2  WINDOW FASHIONS MANUFACTURING CO., USA, INC., SPRINGS

3  INDUSTRIES, INC., and SPRINGS WINDOW FASHIONS, LLC, all dba GRABER,

4  reserving all defenses, including but not limited to defects in jurisdiction and/or service,

5  is hereby entered in the above-captioned action through the undersigned attorneys, and

6  that all future pleadings and papers, exclusive of original process, are to be served upon

7  said attorneys at the address below stated:

8           Gregory G. Wallace
            Law Office of William J. O'Brien
9           999 Third Avenue, Suite 805
            Seattle, WA  98104
10

11           Telephone: (206) 515-4800
             Facsimile: (206) 515-4848
12

13      DATED this _6th_ day of April, 2011.

14           LAW OFFICE OF WILLIAM J. O'BRIEN

15

16          By: _William J O'Brien_

17          Gregory G. Wallace, WSBA #29029
            Attorneys for Defendants Springs Window
18          Fashions Mfg. Co. USA, Inc., Springs
            Industries, Inc., and Springs Window
19          Fashions, LLC, all dba Graber

20

21

22

23

24

25

NOTICE OF APPEARANCE - 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife, and as
Guardians ad Litem for MARIAH
ARMSTRONG, a minor,

        Plaintiffs,

    v.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO., USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all dba GRABER; MIKE AND
ROBERTA QUIGGLE, individually and as
husband and wife, and dba R & M
INVESTORS, INC., a Washington
corporation,

        Defendants.

NO.  11-2-00028-5

**CERTIFICATE OF SERVICE**

The undersigned declares as follows:

I am over the age of 18 years, not a party to this action, and competent to be a

witness herein.

CERTIFICATE OF SERVICE - 1

On the _19th_ day of April, 2011, I caused to be delivered a true and correct copy of:

      *1.     Notice of Appearance for Defendants Springs Window Fashions Manufacturing Co., USA, Inc., Springs Industries, Inc., and Springs Window Fashions, LLC, all dba Graber; and*

      *2.     Certificate of Service*

to the following counsel of record:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **COUNSEL FOR PLAINTIFF:** | ☐ Via U.S. Mail |
| Terry E. Lumsden | ☒ Via ABC |
| Attorney at Law | ☒ Via Facsimile |
| 3517 Sixth Ave., Suite 200 | ☐ Via Overnight Mail |
| Tacoma, WA 98406 | |
| | |
| **CO-COUNSEL FOR DEFENDANT SPRINGS:** | ☒ Via U.S. Mail |
| Jameson B. Carroll | ☐ Via ABC |
| JBC Law Group, LLC | ☐ Via Facsimile |
| 2221 Peachtree Rd., Suite D-322 | ☐ Via Overnight Mail |
| Atlanta, GA 30309 | |

      I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

      DATED this _19th_ day of April, 2011.

                         _Karen Langridge_
                         Karen Langridge

CERTIFICATE OF SERVICE - 2

REC'D & FILED
MASON CO. WA.

2011 APR 28 A 10: 56

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

## SUPERIOR COURT OF WASHINGTON
## IN AND FOR MASON COUNTY

JOHN and KELLY ARMSTRONG,
Individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                    Plaintiff,

V.

Michael C Quiggle and Roberta L Quiggle
Individually and as husband and wife, and
d/b/a R & M Investors, Inc., a Washington
corporation

                    Defendants.

No. 11 2 00028 5

NOTICE OF APPEARANCE PRO PER

MOTION FOR DISMISSAL

Defendants, Michael C Quiggle and Roberta L Quiggle, individually, as husband and wife, d/b/a R & M Investors, Inc, a Washington corporation deny all allegations in this complaint. We are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations therein and therefore deny the same.

Wherefore we request this complaint be dismissed with prejudice.

DATED: April 28, 2011

_Michael C. Quiggle_      by     _Michael C C Quiggle_
MICHAEL C QUIGGLE, Utility          Michael C: Quiggle, Authorized Agent

_Roberta L Quiggle_     by     _Roberta L Quiggle_
ROBERTA L QUIGGLE, Utility          Roberta L: Quiggle, Authorized Agent

REC'D & FILED
MASON CO. WA.

2011 APR 28 P 3: 17

PAT SWARTOS, CO. CLERK
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                    Plaintiffs,

        vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife; and   R & M
INVESTORS, INC., a Washington corporation,

                    Defendants.

NO.   11-2-00028-5

DECLARATION OF
SERVICE BY MAIL

     Lydia Patterson, being first duly sworn, hereby states that on the 11th day of April, 2011,

at the city of Tacoma, Pierce County, Washington, she served the attached Order Authorizing

DECLARATION OF SERVICE BY MAIL   - 1 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

Service by Mail, Complaint, First Amended Summons and First Amended Complaint by depositing in the United States mail at said City of Tacoma, true and correct copies thereof, properly enveloped with prepaid postage, regular and certified, to the individuals named below at the provided address:

Mike and Roberta Quiggle                Mike Quiggle, Registered Agent for R&M Investors, Inc.
275 E Spencer Glen                       275 E Spencer Glen
Shelton, WA 98584                        Shelton, WA 98584


DATED this 25 day of April, 2011.

LAW OFFICES OF TERRY E. LUMSDEN


Lydia Patterson
Paralegal to Terry E. Lumsden


SUBSCRIBED AND SWORN TO before me this 25 day of April, 2011.


NOTARY PUBLIC in and for the
State of WA
Residing at O(6/9
My Commission expires 11/6/13


DECLARATION OF SERVICE BY MAIL    - 2 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife and as Guardians ad Litem for MARIAH ARMSTRONG, minor | NO. 11-2-00028-5 |
| Plaintiffs, | ORDER AUTHORIZING SERVICE BY MAIL |
| vs. | CR(4)(d)(4) |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all d/b/a GRABER; MIKE & ROBERTA QUIGGLE, individually and as husband and wife; and     R & M INVESTORS, INC., a Washington corporation, | |
| Defendants. | |

Based upon Plaintiff's Motion and Declaration for Order Authorizing Service by Mail, CR(4)(d)(4), it is hereby

ORDER AUTHORIZING SERVICE BY MAIL

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

1    ORDERED, AJUDGED AND DECREED that Plaintiff's counsel is authorized to mail to

2  Defendants Mike Quiggle, Roberta Quiggle and R&M Investors, Inc., regular and certified,

3  Complaint, First Amended Summons and First Amended Complaint.

4

5                        DATED this 11ᵗʰ day of April, 2011.

6

7

8                                    /S/
                              _____
9                              Commissioner Robert Sauerlender

10

11  SUBMITTED this 11ᵗʰ day of April, 2011.

12  LAW OFFICES OF TERRY E. LUMSDEN

13

14            /S/
      _____
15  Terry E. Lumsden, WSBA#5254
    Attorney for Plaintiffs
16

17

18

19

20

21

22

23

24  ORDER AUTHORIZING SERVICE BY MAIL

                                            LAW OFFICES OF
25                                       **TERRY E. LUMSDEN**
                                       3517 SIXTH AVENUE, SUITE 200
                                       TACOMA, WASHINGTON 98406
26                                       TELEPHONE (253) 537-4424
                                            FAX (253) 573-1744



REC'D & FILED
MASON CO. WA.

2011 JAN 11 A 11: 14

PAT SWARTOS, CO. CLERK

BY_____DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG, individually, as husband and wife and as Guardians ad Litem for MARIAH ARMSTRONG, minor

                          Plaintiffs,

vs.

SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC., a foreign corporation, d/b/a GRABER; MIKE & ROBERTA QUIGGLE, individually and as husband and wife, and d/b/a R & M Investors, Inc., a Washington corporation,

                          Defendants.

NO. 11 2 00028 5

COMPLAINT FOR INJURIES AND DAMAGES IN TORT

COMES NOW the Plaintiffs, JOHN AND KELLY ARMSTRONG, husband and wife and the parents of the minor child, MARIAH ARMSTRONG, duly appointed Guardians ad

COMPLAINT              - 1 -

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\Complaint.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

Litem to pursue the injury claims of their daughter referenced herein, by and through their

attorney of record, TERRY E. LUMSDEN, for a cause of action against Defendant SPRINGS

WINDOW FASHIONS MANUFACTURING CO. USA, INC. (hereafter "Springs Window"), a

foreign corporation, d/b/a GRABER; and MIKE & ROBERTA QUIGGLE, individually and as

husband and wife, and d/b/a R & M Investors, Inc., a Washington corporation, and allege:

1.0     PARTIES

1.1     Plaintiffs John and Kelly Armstrong are husband and wife, parents and appointed

Guardians ad Litem of the minor child, Mariah Armstrong, whose birthday is December 16,

2005.

1.2     Defendant Springs Window is a foreign corporation of the state of South

Carolina.

1.3     Mike and Roberta Quiggle are individuals and are husband and wife, and

1.4     Mike and Roberta Quiggle were doing business as R & M Investors, Inc., a

Washington corporation.

2.0     JURISDICTION

2.1     Plaintiffs at all times noted herein were residents of Mason County.

2.2     Springs Window is a foreign corporation of the state of South Carolina.

2.3     Mike and Roberta Quiggle are residents of Mason County.

2.4     R & M Investors, Inc. was a duly licensed and authorized corporation in the state

of Washington, doing business in Mason County.

COMPLAINT                    -- 2 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

2.5     Mason County Superior Court is the proper forum for this claim.

### 3.0     FACTS

3.1     Defendants Mike & Roberta Quiggle, individually, and as a married couple, and doing business as R & M Investors, Inc., purchased the home from a third party, remodeled the home and sold it on September 2, 2004 to Plaintiffs John and Kelly Armstrong.

3.2     On November 13, 2008 Mariah Armstrong was seriously and permanently injured after putting her head into her home's window blinds' cords designed, manufactured and sold by Defendant Springs Window, under the d/b/a of Graber.

3.3     For many years, manufacturers of window blinds' curtains, etc., including Springs Window, have known of the dangerous nature of window blinds' cords and the hazard they present to minor children.

3.4     Defendant Springs Window has participated in numerous industry meetings, studies and seminars to discuss and analyze this dangerous nature of window blinds' cords.

3.5     Defendant Springs Window has never issued a recall of its product either to wholesalers, retailers or homeowners, nor published in newspapers, magazines, internet or on television, that their window blinds' cords should be removed or otherwise made safe from a child being able to put its head through the cords and choking.

3.6     Defendant Springs Window was asked by Plaintiffs to assist in the expenses of medical treatment therapy and needed for Mariah Armstrong. It declined.

COMPLAINT                                   - 3 --

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

3.7     A preliminary Life Care Plan has been prepared for Mariah Armstrong not including all the future medical care she will need, not including her loss of future earnings, and not including her pain and suffering, at a cost of $7.5 million dollars.

## 4.0     CLAIMS

4.1     Defendant Springs Window negligently designed and/or constructed and sold window blinds' cords for the subject home under the trade name of Graber..

4.2     Defendant Springs Windows violated the Washington State Product Liability Act, RCW 7.72 et seq; including negligence, failure to warn, and strict liability.

4.3     Defendant Springs Window failed to follow up, recall, warn, or otherwise attempt to render safe the window blinds' cords, even after decades of overwhelming information about significant injuries to minor children who came into contact with such window blinds' cords.

4.4     Defendants Mike & Roberta Quiggle, individually, as a married couple and d/b/a R& M Investors, Inc. installed or failed to remove said window blinds' cords from the home they purchased, remodeled and sold to the Plaintiffs.

4.5     The negligence of Springs Window and Mike and Roberta Quiggle, individually, as a married couple and d/b/a R & M Investors, Inc., were the sole and proximate causes to Mariah's injuries and the parents' loss of consortium.

4.6     Mariah Armstrong suffered permanent, severe brain damage, pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and incurred medical bills past and future due to defendants' conduct.

COMPLAINT                              - 4 -

LAW OFFICES OF
TERRY E. LUMSDEN
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

4.7    Mariah's parents, John and Kelly Armstrong, have suffered loss of consortium, love and affection and companionship with their daughter.

## 5.0    PUNITIVE DAMAGES

5.1    Plaintiffs reserve the right to amend the Complaint to add a claim for Punitive Damages under State of Washington "Conflict of Laws" analysis, from the defendant Springs Window Fashions state of incorporation, South Carolina, if the egregious conduct of Springs Window Fashions, as alleged herein, occurred in South Carolina. This reservation also applies if this lawsuit is ever removed to Federal Court.

## 6.0    PRAYER FOR RELIEF

61    Wherefore, Plaintiffs pray for judgment against the Defendants in such sum as will fairly compensate the Plaintiffs.

DATED this _10_ day of _Jan_, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

COMPLAINT                                            - 5 --

\\Fileserver\shared office folders\TEL
Matters\Armstrong, Mariah 11-13-
08\Pleadings\Complaint.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA

2011 APR -1 P 12: 23

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                Plaintiffs,

    vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife; and   R & M
INVESTORS, INC., a Washington corporation,

                Defendants.

No. 11-2-00028-5

**FIRST AMENDED SUMMONS**

THE STATE OF WASHINGTON
TO:    DEFENDANTS ABOVE NAMED

    A lawsuit has been started against you in the above-entitled court by the above-named plaintiffs, John and Kelly Armstrong individually as husband and wife and Guardians ad Litem for Mariah Armstrong, minor. Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

FIRST AMENDED SUMMONS-1

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\1ST Amended Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

COPY

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiffs within 20 days after the service of this summons, excluding the day of service, or within 60 days after the service of this summons if served outside of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiffs. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 31 day of March, 2011.


LAW OFFICES OF TERRY E. LUMSDEN



TERRY E. LUMSDEN WSBA 5254
Attorney for Plaintiffs

FIRST AMENDED SUMMONS-2

\\Fileserver\shared office folders\TEL Matters\Armstrong, Mariah 11-13-08\Pleadings\1ST Amended Summons.doc

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 6TH AVENUE, SUITE 200
TACOMA, WA 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

REC'D & FILED
MASON CO. WA.

2011 APR -1 P 12: 23

PAT SWARTOS. CO. CLERK
BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife and as
Guardians ad Litem for MARIAH
ARMSTRONG, minor

                    Plaintiffs,

        vs.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all d/b/a GRABER; MIKE &
ROBERTA QUIGGLE, individually and as
husband and wife; and    R & M
INVESTORS, INC., a Washington corporation,

                    Defendants.

NO.  11-2-00028-5

FIRST AMEDED COMPLAINT
FOR INJURIES
AND DAMAGES IN TORT

COMES NOW the Plaintiffs, JOHN AND KELLY ARMSTRONG, husband and wife

and the parents of the minor child, MARIAH ARMSTRONG, duly appointed Guardians ad

FIRST AMENDED COMPLAINT       - 1 -

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744



Litem to pursue the injury claims of their daughter referenced herein, by and through their attorney of record, TERRY E. LUMSDEN, for a cause of action against named Defendants and allege:

## 1.0 PARTIES

1.1     Plaintiffs John and Kelly Armstrong are husband and wife, parents and appointed Guardians ad Litem of the minor child, Mariah Armstrong, whose birthday is December 16, 2005, and are residents of the State of Washington.

1.2     Defendants Springs Window Fashions Manufacturing Co. U.S.A., Inc.; Springs Industries, Inc; and Springs Window Fashions, LLC (hereafter "Springs Window"), are foreign corporations of the state of South Carolina, doing business as Graber.

1.3     Defendants Mike and Roberta Quiggle are individuals and are husband and wife, and are also "local Defendants" within the meaning of Federal Removal and Diversity Jurisdiction.

1.4     Defendant R & M Investors, Inc. (hereafter "R&M) was a Washington corporation and is also a "local Defendant" within the meaning of Federal Removal and Diversity Jurisdiction.

## 2.0 JURISDICTION

2.1     Plaintiffs at all times noted herein were residents of Mason County.

FIRST AMENDED COMPLAINT                 - 2 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

2.2     Springs Window are foreign corporations of the state of South Carolina.

2.2     Springs Window violated the State of Washington Long Arm Statute RCW 4.28.185, by doing business in Washington and committing a tort in Washington, thus the State of Washington has jurisdiction over Springs Window, the non-resident defendant. Springs Window is a corporation engaged in the business of manufacturing, distributing and/or marketing, *inter alia* corded window covering products, including the window covering which is the subject of this litigation. Springs Window regularly transacts business in the State of Washington, maintains continuous and systematic business contacts with the State of Washington, derives substantial revenue from goods used or consumed in the State of Washington and it purposely directs business activities, including the sale of its window coverings to Washington residents. This cause of action arises out of these contacts with the State of Washington as the accident relates to the sale of window coverings manufactured, distributed and/or marketed by Springs Windows that were sold in the State of Washington to a resident of this state.

2.3     Defendants Mike and Roberta Quiggle are husband and wife and residents of Mason County, Washington.

2.4     R & M was a duly licensed and authorized corporation in the state of Washington, doing business in Mason County.

2.5     Mason County Superior Court is the proper forum for this claim.

FIRST AMENDED COMPLAINT          – 3 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

## 3.0     FACTS

3.1     Defendants Mike & Roberta Quiggle, individually, and as a married couple, and doing business as R & M Investors, Inc., purchased the home from a third party, remodeled the home and sold it on September 2, 2004 to Plaintiffs John and Kelly Armstrong.

3.2     On or about November 13, 2008, Mariah Armstrong was seriously and permanently injured after she became entangled in a cord of a corded window covering manufactured by Defendants Springs Window and was strangled, asphyxiated, and died. She was revived by her father but suffers severe and permanent brain damage.

3.3     Defendants Springs Window designed, fabricated, manufactured and sold the aforesaid corded window covering product in the course of Defendants' business, and at the time of doing so, knew the aforesaid product was in a defective condition, unreasonably dangerous when put to its reasonably anticipated use, and when used in a manner reasonably anticipated.

3.4     For many years, manufacturers of window coverings, etc., including Defendants Springs Window, have known of the dangerous nature of window blinds cords and the hazard they present to minor children.

3.5     Defendants Springs Window have never issued an adequate and/or proper recall of its product either to wholesalers, retailers or homeowners, nor adequately published in newspapers, magazines, internet or on television, appropriate information that their window blind cords should be removed or otherwise made safe from a child being able to put its head through the cords and choking.

FIRST AMENDED COMPLAINT     – 4 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

3.6    Defendants Springs Window were asked by Plaintiffs to assist in the expenses of medical treatment and therapy and needed for Mariah Armstrong. It declined.

3.7    As a direct and proximate result of the injuries caused by Defendants, each of them, Plaintiff Mariah Armstrong has been caused to suffer and will continue to suffer into the future significant medical damages for her care and treatment, loss of future earnings, pain and suffering, and pursuant to a preliminary Life Care Plan, the cost of said care and treatment exceeding $7.5 million dollars.

## 4.0    CLAIMS – SPRINGS WINDOW-PRODUCTS LIABILITY

4.1    Defendants Springs Window designed, fabricated, manufactured and sold the aforesaid corded window covering product in the course of Springs Window's business and at the time of doing so, knew the aforesaid product was in a defective condition, unreasonably dangerous when put to its reasonably anticipated use, and when used in the manner reasonably anticipated.

4.2    The product was sold by Defendants Springs Window in a defective and an unreasonably dangerous condition in one or more of the following respects:

    a.    Defendants' product was sold without mechanisms to prevent strangulation;

    b.    Defendants' product contained cords capable of obtaining a length in excess of 7 1/4 inches which posed an unreasonable risk of strangulation.

    c.    Defendants' product failed to contain proper warnings and/or failed to provide adequate information regarding possible strangulation hazards

FIRST AMENDED COMPLAINT        – 5 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

associated with the product.

        d.     Defendants' product failed to contain a lift cord system that would eliminate cords and/or the risk of strangulation.

        e.     Defendants' product failed to comply with the 1996 and 2000 recall programs in that product was not modified, retrofitted, recalled or redesigned to avoid the risk of strangulation.

        f.     Defendants' product at the time of sale and/or installation failed to have adequate safety devices to reduce access to and/or eliminate loops and cord hazards.

    4.3    The death, and resuscitation, of Mariah Armstrong occurred as a direct and proximate result of one or more of the aforesaid defective conditions in which the existing corded window covering product was sold by Springs Window.

    4.4    As a result of the aforesaid product defects, Mariah Armstrong suffered permanent and severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future due to Defendants' conduct.

    4.5    Mariah Armstrong's parents, John and Kelly Armstrong, have suffered loss of consortium, love, affection and companionship with their daughter.

## 5.0    CLAIMS – SPRINGS WINDOW - NEGLIGENCE

    5.1    Defendants Springs Window designed, fabricated, manufactured and sold the aforesaid corded window covering product in the course of Defendants' business and at the time of doing so, was negligent in that it knew or should have known that the aforesaid product was in

FIRST AMENDED COMPLAINT      - 6 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

a defective condition and unreasonably dangerous when put to its reasonably anticipated use, and when used in a manner reasonably anticipated.

5.2    Defendants Springs Window failed to use ordinary care in the design, manufacture, testing, labeling, distributing, supplying, servicing and retailing of the blind and its component parts so as to not injure or kill its users, including Mariah Armstrong, in one or more of the following respects:

a.    Defendants were negligent in allowing the aforesaid product to be sold without mechanisms to prevent strangulation;

b.    Defendants were negligently allowed the product to contain cords capable of obtaining a length in excess of 7 1/4 inches which pose an unreasonable risk of strangulation.

c.    Defendants' product negligently failed to contain proper warnings and/or failed to provide adequate information regarding the possible strangulation hazards associated with the product.

d.    Defendants' product negligently failed to contain a lift cord system that would eliminate cords and/or the risk of strangulation.

e.    Defendants negligently failed to take adequate measures to redesign their product to avoid the risk of strangulation;

f.    Defendants negligently failed to modify, retrofit and/or adequately recall a known defective product sold by them, having undertaking to do so.

g.    Defendants negligently failed to supply with the product at the time of sale and/or installation adequate safety devices to reduce access to and/or eliminate loops and cord hazards.

h.    Defendants' product was negligently manufactured and sold in a condition such that it failed to perform safely as an ordinary consumer would expect when the product was used in a reasonably foreseeable manner.

FIRST AMENDED COMPLAINT          - 7 —

LAW OFFICES OF
TERRY E. LUMSDEN
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

i.. Defendants were negligent in failing to retrofit the aforesaid window covering pursuant to the 1994 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

j. Defendants knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate cords and/or the aforesaid danger.

k. Defendants failed to consult with purchasers at the time of purchase, and/or by providing adequate safety information on the exterior packaging, as to which product would be most suitable for the application purchaser intended and failed to consult with Plaintiff regarding alternative feasible products including cordless alternatives.

5.3    The injuries to Mariah Armstrong occurred as a direct and proximate result of one or more of the aforesaid defective conditions which existed when the corded window covering product was sold by Defendants Springs Window.

5.4    As a result of the aforesaid product defects, Mariah Armstrong suffered permanent and severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future due to Defendants' conduct.

## 6.0    CLAIMS - SPRINGS WINDOW - FAILURE TO WARN

6.1    Defendants Springs Window manufactured, sold, placed into the stream of commerce and allowed to be installed into the home of Plaintiffs a defective window covering. Said window covering was sold in the course and scope of Defendants Springs Window's

FIRST AMENDED COMPLAINT          — 8 —

LAW OFFICES OF
TERRY E. LUMSDEN
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

business.

6.2    The window covering was unreasonably dangerous when put to its reasonably anticipated use without the knowledge of its characteristics.

6.3    The window covering failed to contain adequate warnings or instructions concerning the safe methods for installation and use and/or adequate warnings of the danger of strangulation as referenced herein; Defendants Springs Window further failed to warn as to the most suitable product for the application.

6.4    At all pertinent times hereto, the window covering was used in the manner reasonably anticipated by Defendants Springs Window.

6.5    As a direct and proximate result of Defendants Springs Window's failure, Mariah Armstrong strangled on a corded window covering.  As a result, Mariah Armstrong and her parents, John and Kelly Armstrong, were damaged.

7.0    CLAIMS – QUIGGLE – NEGLIGENCE

7.1    At all relevant times hereto, the Quiggle Defendants were in the business of purchasing property and renovating the said property for sale.

7.2    The Quiggle Defendants, as prior owners of the home in the business of rehabbing properties had a duty to keep and maintain the premises in a reasonably safe condition.

7.3    The Quiggle Defendants had a duty to use reasonable care in looking for and discovering dangerous conditions that they either knew or should have known as a result of

FIRST AMENDED COMPLAINT          - 9 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

being in the remodeling business.

7.4    The Quiggle Defendants allowed corded window covering products, which they knew or should have known were unsafe, to remain in the subject home, creating risk of injury to persons residing in the home upon sale, including Mariah Armstrong.

7.5    The Quiggle Defendants sold the home to the Armstrongs and in doing so, knew or should have known of the foreseeable and unsafe condition of the window covering product and knew or should have known of the potential uses of corded window covering products.

7.6    The Quiggle Defendants were negligent in installing and/or maintaining or allowing the window covering to remain in the property in or more of the following respects:

    a.    The Quiggle Defendants were negligent in the maintenance of the blind, in that, Defendants negligently allowed to remain cords of greater than 7 1/4 inches in length, in an unsecured fashion, creating an unreasonable risk of danger of cord strangulation;

    b.    The Quiggle Defendants were negligent in failing to retrofit the aforesaid blinds pursuant to the 1994 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

    c.    The Quiggle Defendants knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate the aforesaid danger.

    d.    The Quiggle Defendants were negligent in that they knew or should have known that the retrofit kits and tie down devices were available for installation, yet failed to obtain and install such retrofit kits of the recalled window coverings for the home.

    e.    The Quiggle Defendants knew or should have known that the corded window covering product in question was defective at the time of installation, yet installed it and/or allowed it to remain despite such

FIRST AMENDED COMPLAINT                – 10 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

1    known danger.

2    f.    Upon learning that the window covering in question was defective, the
          Quiggle Defendants failed to remove it from the apartment in question
3         and/or modify the product to reduce the risks of strangulation.

4    g.    The Quiggle Defendants were negligent in renting an apartment which
5         had dangerous and defective window coverings, on which the hang tag
          warnings had been removed.
6
7    h.    The Quiggle Defendants failed to use reasonable care in keeping and
          maintaining the premises in a reasonably safe condition.
8
9    i.    The Quiggle Defendants failed to make a reasonable investigation to
          discover dangerous conditions on the rental property, to wit, the
10        window coverings that had been recalled in 1994 and 2000 for posing
          an unacceptable risk of strangulation to small children.
11
12   j.    The Quiggle Defendants failed to warn of the aforesaid known dangers
          and/or defective conditions.

13   7.7    The negligence of the Quiggle Defendants caused or contributed to cause the

14   severe and permanent injuries sustained by Mariah Armstrong and her parents, John and Kelly

15   Armstrong.

16   7.8    As a result of the aforesaid negligence, Mariah Armstrong suffered permanent and

17   severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life,

18   disability and dysfunction, loss of future earnings, and has incurred past medical bills and will

19   incur medical bills into the future, and Mr. and Mrs. Armstrong suffered loss of consortium, due

20   to Defendants' conduct.

21

22

23

24   FIRST AMENDED COMPLAINT            - 11 --

25

26

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

## 8.0    CLAIMS –R&M– NEGLIGENCE

8.1    At all relevant times hereto, R&M was in the business of purchasing property and renovating the said property for sale.

8.2    R&M, as a prior owner of the home in the business of rehabbing properties had a duty to keep and maintain the premises in a reasonably safe condition.

8.3    R&M had a duty to use reasonable care in looking for and discovering dangerous conditions that it either knew or should have known as a result of being in the remodeling business.

8.4    R&M allowed corded window covering products, which it knew or should have known were unsafe, to remain in the subject home, creating risk of injury to persons residing in the home upon sale, including Mariah Armstrong.

8.5    R&M sold the home to the Armstrongs and in doing so, knew or should have known of the foreseeable and unsafe condition of the window covering product and knew or should have known of the potential uses of corded window covering products.

8.6    R&M was negligent in installing and/or maintaining or allowing the window covering to remain in the property in or more of the following respects:

     a.    R&M was negligent in the maintenance of the blind, in that, Defendant negligently allowed to remain cords of greater than 7 1/4 inches in length, in an unsecured fashion, creating an unreasonable risk of danger of cord strangulation;

     b.    R&M was negligent in failing to retrofit the aforesaid blinds pursuant to the 1994 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

FIRST AMENDED COMPLAINT      - 12 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

c.   R&M knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate the aforesaid danger.

d.   R&M was negligent in that it knew or should have known that the retrofit kits and tie down devices were available for installation, yet failed to obtain and install such retrofit kits of the recalled window coverings for the home.

e.   R&M knew or should have known that the corded window covering product in question was defective at the time of installation, yet installed it and/or allowed it to remain despite such known danger.

f.   Upon learning that the window covering in question was defective, R&M failed to remove it from the apartment in question and/or modify the product to reduce the risks of strangulation.

g.   R&M was negligent in renting an apartment which had dangerous and defective window coverings, on which the hang tag warnings had been removed.

h.   R&M failed to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

i.   R&M failed to make a reasonable investigation to discover dangerous conditions on the rental property, to wit, the window coverings that had been recalled in 1994 and 2000 for posing an unacceptable risk of strangulation to small children.

j.   R&M failed to warn of the aforesaid known dangers and/or defective conditions.

8.7   The negligence of R&M caused or contributed to cause the severe and permanent injuries sustained by Mariah Armstrong and her parents, John and Kelly Armstrong.

8.8   As a result of the aforesaid negligence, Mariah Armstrong suffered permanent and

FIRST AMENDED COMPLAINT          - 13 —

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

severe brain damage, past pain and suffering, future pain and suffering, loss of enjoyment of life, disability and dysfunction, loss of future earnings, and has incurred past medical bills and will incur medical bills into the future, and Mr. and Mrs. Armstrong suffered loss of consortium, due to Defendants' conduct.

## 9.0    PRAYER FOR RELIEF

9.1    Wherefore, Plaintiffs pray for judgment against the Defendants in such sum as will fairly compensate the Plaintiffs, together with costs herein expended and such further relief as the Court deems just and proper.

DATED this _____ day of March, 2011.

LAW OFFICES OF TERRY E. LUMSDEN

_____
Terry E. Lumsden, WSBA#5254
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT          – 14 –

LAW OFFICES OF
**TERRY E. LUMSDEN**
3517 SIXTH AVENUE, SUITE 200
TACOMA, WASHINGTON 98406
TELEPHONE (253) 537-4424
FAX (253) 573-1744

ORIGINAL

REC'D & FILED
MASON CO. WA.

5  2011 MAY -2 P 4: 40

PAT SWARTOS, CO. CLERK

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife, and as Guardians ad Litem for MARIAH ARMSTRONG, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINGS WINDOW FASHIONS MANUFACTURING CO., USA, INC., a foreign corporation, dba GRABER; MIKE AND ROBERTA QUIGGLE, individually and as husband and wife, and dba R & M INVESTORS, INC., a Washington corporation,<br><br>Defendants. | NO.   11-2-00028-5<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF SPRINGS WINDOW FASHIONS MANUFACTURING CO., USA, INC.** |

Defendant Springs Window Fashions Manufacturing Co., USA, Inc., ("SWFMCUSA") responds to plaintiffs' complaint as follows:

RESPONDING TO PARAGRAPH 1.0, "PARTIES"

1.1     SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA  98104
Telephone:  (206) 515-4800/ Fax: (206)515-4848

1      1.2    SWFMCUSA denies all allegations contained in this paragraph.

2      1.3    SWFMCUSA is without knowledge or information sufficient to form a
3   belief as to the truth of the matter asserted in this paragraph.

4      1.4    SWFMCUSA is without knowledge or information sufficient to form a
5   belief as to the truth of the matter asserted in this paragraph.

6           RESPONDING TO PARAGRAPH 2.0, "JURISDICTION"

7      2.1    SWFMCUSA is without knowledge or information sufficient to form a
8   belief as to the truth of the matter asserted in this paragraph.

9      2.2    SWFMCUSA denies all allegations contained in this paragraph.

10     2.3    SWFMCUSA is without knowledge or information sufficient to form a
11  belief as to the truth of the matter asserted in this paragraph.

12     2.4    SWFMCUSA is without knowledge or information sufficient to form a
13  belief as to the truth of the matter asserted in this paragraph.

14     2.5    SWFMCUSA is without knowledge or information sufficient to form a
15  belief as to the truth of the matter asserted in this paragraph.

16          RESPONDING TO PARAGRAPH 3.0, "FACTS"

17     3.1    SWFMCUSA is without knowledge or information sufficient to form a
18  belief as to the truth of the matter asserted in this paragraph.

19     3.2    SWFMCUSA is without knowledge or information sufficient to form a
20  belief as to the truth of the matter asserted in this paragraph.  SWFMCUSA denies it is
21  liable to plaintiffs in any manner or amount whatsoever.

22     3.3    SWFMCUSA denies the allegations contained in this paragraph.

23

24

25

3.4     SWFMCUSA admits it has participated in industry-related activities
regarding window blinds.  SWFMCUSA denies all remaining allegations contained in
this paragraph.

3.5     SWFMCUSA denies the allegations contained in this paragraph.

3.6     SWFMCUSA is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted in this paragraph.

3.7     SWFMCUSA is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted in this paragraph.  SWFMCUSA denies it is
liable to plaintiffs in any manner or amount whatsoever.

## RESPONDING TO PARAGRAPH 4.0, "CLAIMS"

4.1     SWFMCUSA admits it designs in part, manufactures in part, and sells
products under the name "Graber."  SWFMCUSA denies all remaining allegations
contained in this paragraph.

4.2     SWFMCUSA denies all allegations contained in this paragraph.

4.3     SWFMCUSA denies all allegations contained in this paragraph.

4.4     SWFMCUSA is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted in this paragraph.

4.5     As to this defendant, SWFMCUSA denies all allegations contained in this
paragraph.

4.6     As to this defendant, SWFMCUSA denies all allegations contained in this
paragraph.

4.7     SWFMCUSA is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted in this paragraph.  SWFMCUSA denies it is
liable to plaintiffs in any manner or amount whatsoever.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS – 3

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA  98104
Telephone:  (206) 515-4800/ Fax: (206)515-4848

RESPONDING TO PARAGRAPH 5.0, "PUNITIVE DAMAGES"

5.1    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

RESPONDING TO PARAGRAPH 6.0, "PRAYER FOR RELIEF"

6.1    As to this defendant, SWFMCUSA denies it is liable to plaintiffs in any manner or amount whatsoever.

AFFIRMATIVE DEFENSES

1.    Plaintiff Mariah Armstrong's injuries or damages may have been caused or contributed to by the negligence or willful and wanton acts of John and Kelly Armstrong.

2.    Plaintiffs may have failed to mitigate their damages and protect themselves from avoidable consequences.

3.    Plaintiffs' claims are barred by the doctrine of comparative fault and/or assumption or risk, failure to follow instruction and/or warnings, and/or the doctrine of misuse.

4.    SWFMCUSA pleads all defenses under RCW 7.72.010 through RCW 7.72.070 et seq. as though fully set forth herein, inclusive of any and all defenses under RCW 62A.

5.    Plaintiffs' claims are barred because of spoliation of evidence, and/or destroying and/or tampering with evidence.

6.    Plaintiff Mariah Armstrong's injuries or damages may have been caused or contributed to by the failure of John and Kelly Armstrong to take reasonable care.

7.    Plaintiffs' injuries and damages were caused by the negligence of entities over whom SWFMCUSA had no control and for whose actions it was not responsible,

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS - 4

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

1 | including but not limited to co defendants, as well as other unnamed at fault parties.

2 | 8.    Plaintiffs' claims are barred by the applicable statute of limitations.

3 | 9.    SWFMCUSA reserves the right to amend this Answer to add affirmative
4 | defenses as discovery continues.

5 | WHEREFORE, having answered the Complaint and interposed Affirmative
6 | Defenses, SWFMCUSA prays for relief as follows:

7 | 1.    For judgment in its favor; and

8 | 2.    For such other and further relief as the Court deems just and equitable.

10 | DATED this 29th day of April 2011

12 | LAW OFFICE OF WILLIAM J. O'BRIEN

14 | By: _____
15 | Gregory G. Wallace, WSBA #29029
   | Attorneys for Defendants Springs Window
   | Fashions Mfg. Co. USA, Inc.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS - 5

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

ORIGINAL

1
2
3
4
5
6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
7    IN AND FOR THE COUNTY OF MASON

8  | JOHN AND KELLY ARMSTRONG,
9  | individually, as husband and wife, and as
   | Guardians ad Litem for MARIAH
10 | ARMSTRONG, a minor,

NO.   11-2-00028-5

**CERTIFICATE OF SERVICE**

11              Plaintiffs,

12      v.

13
SPRINGS WINDOW FASHIONS
14 MANUFACTURING CO., USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
15 INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
16 corporation, all dba GRABER; MIKE AND
17 ROBERTA QUIGGLE, individually and as
husband and wife, and dba R & M
18 INVESTORS, INC., a Washington
19 corporation,

20              Defendants.

21

22      The undersigned declares as follows:

23      I am over the age of 18 years, not a party to this action, and competent to be a

24 witness herein.

25

CERTIFICATE OF SERVICE - 1

14

On the __29__ day of April, 2011, I caused to be delivered a true and correct copy

of:

  1.  *Answer and Affirmative Defenses of Springs Window Fashions*

  *Manufacturing Co., USA, Inc.;* and

  2.  *Certificate of Service*

to the following counsel of record:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **COUNSEL FOR PLAINTIFF:** <br> Terry E. Lumsden <br> Attorney at Law <br> 3517 Sixth Ave., Suite 200 <br> Tacoma, WA 98406 | ☐ Via U.S. Mail <br> ☒ Via ABC <br> ☐ Via Facsimile <br> ☐ Via Overnight Mail |
| **CO-COUNSEL FOR DEFENDANT SPRINGS:** <br> Jameson B. Carroll <br> JBC Law Group, LLC <br> 2221 Peachtree Rd., Suite D-322 <br> Atlanta, GA 30309-1148 | ☒ Via U.S. Mail <br> ☐ Via ABC <br> ☐ Via Facsimile <br> ☐ Via Overnight Mail |

I declare under penalty of perjury under the laws of the State of Washington that

the foregoing is true and correct.

DATED this __29__ day of April, 2011.

*Karen Langridge*
Karen Langridge

CERTIFICATE OF SERVICE - 2

ORIGINAL

REC'D & FILED
MASON CO. WA

√ 2011 MAY 10 A 11: 47

PAT SWARTOS CO. CLERK
BY_____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife, and as
Guardians ad Litem for MARIAH
ARMSTRONG, a minor,

               Plaintiffs,

    v.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO., USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all dba GRABER; MIKE AND
ROBERTA QUIGGLE, individually and as
husband and wife, and dba R & M
INVESTORS, INC., a Washington
corporation,

               Defendants.

NO.  11-2-00028-5

**DEMAND FOR TWELVE (12)
PERSON JURY**

<u>**Clerk's Action Required**</u>

TO:    THE CLERK OF THE COURT; and

TO:    ALL PARTIES AND COUNSEL OF RECORD:

DEMAND FOR JURY - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

1   PLEASE TAKE NOTICE that the attorneys for the defendant herein hereby request

2   a jury of twelve (12) persons for trial in the above-entitled matter. The proper fee for this

3   demand, the sum of $250.00, is herewith attached.

4       DATED this 6th day of May, 2011.

5

6                               LAW OFFICE OF WILLIAM J. O'BRIEN

7

8       By:     _____

9               Gregory G. Wallace, WSBA #29029
                Attorneys for Defendants Springs Window
10              Fashions Mfg. Co. USA, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

ORIGINAL

REC'D & FILED
MASON CO. WA

2011 MAY 10 A 11: 47

PAT SWARTOS, CO. CLERK
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife, and as Guardians ad Litem for MARIAH ARMSTRONG, a minor, | NO.   11-2-00028-5 |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO., USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all dba GRABER; MIKE AND ROBERTA QUIGGLE, individually and as husband and wife, and dba R & M INVESTORS, INC., a Washington corporation, | |
| Defendants. | |

The undersigned declares as follows:

I am over the age of 18 years, not a party to this action, and competent to be a witness herein.

CERTIFICATE OF SERVICE - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 THIRD AVENUE, SUITE 805
SEATTLE, WA 98104
TELEPHONE (206) 515-4800/FACSIMILE (206) 515-4848

On the 6th day of May, 2011, I caused to be delivered a true and correct copy of:

1.     *Demand for Twelve (12) Person Jury;* and

2.     *Certificate of Service*

to the following counsel of record:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **COUNSEL FOR PLAINTIFF:**<br>Terry E. Lumsden<br>Attorney at Law<br>3517 Sixth Ave., Suite 200<br>Tacoma, WA 98406 | ☐ Via U.S. Mail<br>☒ Via ABC<br>☐ Via Facsimile<br>☐ Via Overnight Mail |
| **CO-COUNSEL FOR DEFENDANT SPRINGS:**<br>Jameson B. Carroll<br>JBC Law Group, LLC<br>2221 Peachtree Rd., Suite D-322<br>Atlanta, GA 30309-1148 | ☒ Via U.S. Mail<br>☐ Via ABC<br>☐ Via Facsimile<br>☐ Via Overnight Mail |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 6th day of May, 2011.

*Karen Langridge*
Karen Langridge

CERTIFICATE OF SERVICE - 2

REC'D & FILED
MASON CO. WA

2011 MAY 16 P 3:21

PAT SWARTOS CO. CLERK
_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, Individually, as husband and wife and as Guardians as litem for MARIAH ARMSTRONG, minor | NO. 11-2-00028-5 |
| | NOTICE OF APPEARANCE |
| Plaintiff, | |
| and | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC. a foreign corporation, dba GRABER: MIKE & ROBERTA QUIGGLE, individually and as husband and wife, and dba R&M INVESTORS, INC. a Washington Corporation. | |
| Defendant. | |

TO: ALL PARTIES HEREIN.

YOU AND EACH OF YOU are hereby notified that MIKE AND ROBERTA QUIGGLE, defendant herein, hereby enters his appearance in the above-shown cause by and through his attorney, KENNETH E. ROSSBACK, and requests that all further pleadings and papers, except original process be served upon said defendant by delivering a copy thereof to his undersigned attorney at the address below stated.

Dated: S-4-11

Kenneth E. Rossback, WSBA #19560
Attorney for the Defendant

*Notice of appearance - 1*

ORIGINAL

KENNETH E. ROSSBACK
3219-6th Avenue
Tacoma, WA 98406
Phone: 253-573-1300
Fax: 253-752-6900

REC'D & FILED
MASON CO. WA.

2011 JUN -6 A 11: 21

PAT SWARTOS, CO. CLERK

FILED
IN COUNTY CLERK'S OFFICE

A.M. MAY 2 0 2011 P.M.
PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, Individually, as husband and wife and as Guardians as litem for MARIAH ARMSTRONG, minor | NO. 11-2-00028-5 |
| | NOTICE OF APPEARANCE |
|                         Plaintiff, | |
| and | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO. USA, INC. a foreign corporation, dba GRABER: MIKE & ROBERTA QUIGGLE, individually and as husband and wife, and dba R&M INVESTORS, INC. a Washington Corporation. | |
|                      Defendant. | |

TO: ALL PARTIES HEREIN.

YOU AND EACH OF YOU are hereby notified that MIKE AND ROBERTA QUIGGLE

dba R&M INVESTORS, INC., defendants herein, hereby enters his appearance in the above-

shown cause by and through his attorney, KENNETH E. ROSSBACK, and requests that all

further pleadings and papers, except original process be served upon said defendant by delivering

a copy thereof to his undersigned attorney at the address below stated.

Dated: 5-24-11

Kenneth E. Rossback, WSBA #19560
Attorney for the Defendant

*Notice of appearance - 1*

OORIGINAL

KENNETH E. ROSSBACK
3219-6th Avenue
Tacoma, WA 98406
Phone: 253-573-1300
Fax: 253-752-6900

REC'D & FILED
MASON CO. WA

2011 JUN 28 A 9: 26

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

**SUPERIOR COURT OF WASHINGTON**
**FOR COUNTY OF MASON**

JOHN & KELLY ARMSTRONG,              )
                                     )    No. 11-2-00028-5
              Plaintiff,             )
                                     )    NOTICE SETTING STATUS
        vs.                          )    CONFERENCE
                                     )
SPRINGS WINDOW FASHIONS MANUFACTURING CO.,) 
dba GRABER, MIKE & ROBERTA QUIGGLE, dba   )    [Calendared By: RO    ]
R&M INVESTORS, INC.,                 )
                                     )
              Defendants.            )    [NTSC]
                                     )

        Pursuant to Mason County Local Superior Court Civil Rule LCR 40
(copies will be provided upon request) you are notified that a status
conference is set for 8:45 a.m. on **Thursday, July 28th, 2011**, in Mason
County Superior Court. This status conference may be held by a telephone
conference call as follows:

        *CONFERENCE CALLS ARE NOT INITIATED BY THE COURT. THE PARTIES*
        *ARE RESPONSIBLE FOR SETTING UP THE CONFERENCE CALL WITH ALL*
        *PARTIES WISHING TO PARTICIPATE IN THE CONFERENCE CALL ON THE*
        *LINE PRIOR TO PLACING THE CALL TO (360) 427-8440.*

        Dated: June 28th          , 2011.

                                    Rachelle Osman
                                    Calendar Assistant

*I certify under penalty of perjury under the laws of the State of Washington that I mailed
a conformed copy of this document, postage prepaid, on 6/28, 2011, to the following:
[Signed By Rachelle Osman        on 6/28, 2011 at Shelton, WA]*

ATTORNEY FOR PLAINTIFFS:      ATTORNEY FOR DEFENDANTS,      ATTORNEY FOR DEFENDANTS
Terry Lumsden                 Springs Window:               Quiggles:
3517 Sixth Ave. Ste. 200      Gregory Wallace               Kenneth E. Rossback
Tacoma, WA 98406              999 Third Ave. .              3219 - 6th Ave.
                              Suite 805                     Tacoma, WA 98406
                              Seattle, WA 98104

NOTICE SETTING STATUS CONFERENCE

                                                            NTSC

ORIGINAL

REC'D & FILED
MASON CO. WA.

2011 JUL -6 A 11: 11

PAT SWARTOS. CO. CLERK
BY _____ 10-1 _____ DEPUTY

1

2

3

4

5

6

7      IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
       IN AND FOR THE COUNTY OF MASON
8

9   JOHN AND KELLY ARMSTRONG,                    NO.   11-2-00028-5
    individually, as husband and wife, and as
10  Guardians ad Litem for MARIAH                 **ANSWER AND AFFIRMATIVE**
    ARMSTRONG, a minor,                           **DEFENSES OF SPRINGS**
11                                                **WINDOW FASHIONS**
                Plaintiffs,                       **MANUFACTURING CO., USA,**
12                                                **INC. TO FIRST AMENDED**
        v.                                        **COMPLAINT**
13
14  SPRINGS WINDOW FASHIONS
    MANUFACTURING CO., USA, INC., a
15  foreign corporation; SPRINGS INDUSTRIES,
    INC., a foreign corporation; and SPRINGS
16  WINDOW FASHIONS, LLC, a foreign
    corporation, all dba GRABER; MIKE AND
17  ROBERTA QUIGGLE, individually and as
    husband and wife, and dba R & M
18  INVESTORS, INC., a Washington
    corporation,
19
20              Defendants.
21

22
        Defendant   Springs   Window   Fashions   Manufacturing   Co.,   USA,   Inc.,
23
    ("SWFMCUSA") responds to plaintiffs' first amended complaint as follows:
24

25



ANSWER AND AFFIRMATIVE DEFENSES OF          LAW OFFICE OF WILLIAM J. O'BRIEN
DEFENDANTS SPRINGS TO PLAINTIFFS' FIRST     999 Third Avenue, Suite 805
AMENDED COMPLAINT - 1                        Seattle, WA 98104
Telephone:  (206) 515-4800/ Fax: (206)515-4848

## RESPONDING TO PARAGRAPH 1.0, "PARTIES"

1.1    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

1.2    SWFMCUSA denies all allegations contained in this paragraph.

1.3    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

1.4    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

## RESPONDING TO PARAGRAPH 2.0, "JURISDICTION"

2.1    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

2.2    SWFMCUSA denies all allegations contained in this paragraph.

2.2 (sic) SWFMCUSA denies all allegations contained in this paragraph.

2.3    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

2.4    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

2.5    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

## RESPONDING TO PARAGRAPH 3.0, "FACTS"

3.1    SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS TO PLAINTIFFS' FIRST
AMENDED COMPLAINT - 2

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA  98104
Telephone:  (206) 515-4800/ Fax: (206)515-4848

1    3.2    SWFMCUSA is without knowledge or information sufficient to form a

2    belief as to the truth of the matter asserted in this paragraph. SWFMCUSA denies it is

3    liable to plaintiffs in any manner or amount whatsoever.

4    3.3    SWFMCUSA denies the allegations contained in this paragraph.

5    3.4    SWFMCUSA denies the allegations contained in this paragraph.

6    3.5    SWFMCUSA denies the allegations contained in this paragraph.

7    3.6    SWFMCUSA is without knowledge or information sufficient to form a

8    belief as to the truth of the matter asserted in this paragraph.

9    3.7    SWFMCUSA denies the allegations contained in this paragraph.

10    RESPONDING TO PARAGRAPH 4.0, "CLAIMS – SPRINGS WINDOW –

11    PRODUCTS LIABILITY"

12    4.1    SWFMCUSA admits it designs in part, manufactures in part, and sells the

13    aforesaid corded window covering product. SWFMCUSA denies all remaining

14    allegations contained in this paragraph.

15    4.2    SWFMCUSA denies all allegations contained in this paragraph.

16    4.3    As to this defendant, SWFMCUSA denies all allegations contained in this

17    paragraph.

18    4.4    As to this defendant, SWFMCUSA denies all allegations contained in this

19    paragraph.

20    4.5    SWFMCUSA is without knowledge or information sufficient to form a

21    belief as to the truth of the matter asserted in this paragraph. SWFMCUSA denies it is

22    liable to plaintiffs in any manner or amount whatsoever.

23

24

25

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS TO PLAINTIFFS' FIRST
AMENDED COMPLAINT - 3

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

RESPONDING TO PARAGRAPH 5.0, "CLAIMS – SPRINGS WINDOW -
NEGLIGENCE"

5.1     SWFMCUSA admits it designs in part, manufactures in part, and sells the aforesaid corded window covering product. SWFMCUSA denies all remaining allegations contained in this paragraph.

5.2     SWFMCUSA denies all allegations contained in this paragraph.

5.3     SWFMCUSA denies all allegations contained in this paragraph.

5.4     As to this defendant, SWFMCUSA denies all allegations contained in this paragraph.

RESPONDING TO PARAGRAPH 6.0, "PRAYER FOR RELIEF"

6.1     SWFMCUSA admits it manufactured, and sold the aforesaid window covering product. SWFMCUSA denies all remaining allegations contained in this paragraph.

6.2     SWFMCUSA denies all allegations contained in this paragraph.

6.3     SWFMCUSA denies all allegations contained in this paragraph.

6.4     SWFMCUSA is without knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

6.5     SWFMCUSA admits it designs in part, manufactures in part, and sells the aforesaid corded window covering product. SWFMCUSA denies all remaining allegations contained in this paragraph.

RESPONDING TO PARAGRAPH 7.0, "CLAIMS – QUIGGLE - NEGLIGENCE"

7.1     SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS TO PLAINTIFFS' FIRST
AMENDED COMPLAINT - 4

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

7.2    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

7.3    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

7.4    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

7.5    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

7.6    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

7.7    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

7.8    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

RESPONDING TO PARAGRAPH 7.0, "CLAIMS –R&M - NEGLIGENCE"

8.1    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

8.2    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

8.3    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

8.4    SWFMCUSA cannot respond for other Defendants. To the extent a response is required, the allegations are denied.

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

8.5     SWFMCUSA cannot respond for other Defendants.    To the extent a response is required, the allegations are denied.

8.6     SWFMCUSA cannot respond for other Defendants.    To the extent a response is required, the allegations are denied.

8.7     SWFMCUSA cannot respond for other Defendants.    To the extent a response is required, the allegations are denied.

8.8     SWFMCUSA cannot respond for other Defendants.    To the extent a response is required, the allegations are denied.

## RESPONDING TO PARAGRAPH 9.0, "PRAYER FOR RELIEF"

9.0     As to this defendant, SWFMCUSA denies it is liable to plaintiffs in any manner or amount whatsoever

## AFFIRMATIVE DEFENSES

1.     Plaintiff Mariah Armstrong's injuries or damages may have been caused or contributed to by the negligence or willful and wanton acts of John and Kelly Armstrong.

2.     Plaintiffs may have failed to mitigate their damages and protect themselves from avoidable consequences.

3.     Plaintiffs' claims are barred by the doctrine of comparative fault and/or assumption or risk, failure to follow instruction and/or warnings, and/or the doctrine of misuse.

4.     SWFMCUSA pleads all defenses under RCW 7.72.010 through RCW 7.72.070 et seq. as though fully set forth herein, inclusive of any and all defenses under RCW 62A.

5.     Plaintiffs' claims are barred because of spoliation of evidence, and/or

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

destroying and/or tampering with evidence.

6. Plaintiff Mariah Armstrong's injuries or damages may have been caused or contributed to by the failure of John and Kelly Armstrong to take reasonable care.

7. Plaintiffs' injuries and damages were caused by the negligence of entities over whom SWFMCUSA had no control and for whose actions it was not responsible, including but not limited to co defendants, as well as other unnamed at fault parties.

8. Plaintiffs' claims are barred by the applicable statute of limitations.

9. SWFMCUSA reserves the right to amend this Answer to add affirmative defenses as discovery continues.

WHEREFORE, having answered the Complaint and interposed Affirmative Defenses, SWFMCUSA prays for relief as follows:

1. For judgment in its favor; and

2. For such other and further relief as the Court deems just and equitable.

DATED this _1st_ day of July 2011

LAW OFFICE OF WILLIAM J. O'BRIEN

By: _____
Gregory G. Wallace, WSBA #29029
Attorneys for Defendants Springs Window
Fashions Mfg. Co. USA, Inc.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS SPRINGS TO PLAINTIFFS' FIRST
AMENDED COMPLAINT - 7

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

ORIGINAL

REC'D & FILED
MASON CO. WA.

2011 JUL -b A 11: 11

PAT SWARTOS. CO. CLERK
BY _____ TO-2 _____ DEPUTY

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

8  JOHN AND KELLY ARMSTRONG,
9  individually, as husband and wife, and as
   Guardians ad Litem for MARIAH
10 ARMSTRONG, a minor,

11            Plaintiffs,

12      v.

13 SPRINGS WINDOW FASHIONS
14 MANUFACTURING CO., USA, INC., a
   foreign corporation; SPRINGS INDUSTRIES,
15 INC., a foreign corporation; and SPRINGS
16 WINDOW FASHIONS, LLC, a foreign
   corporation, all dba GRABER; MIKE AND
17 ROBERTA QUIGGLE, individually and as
   husband and wife, and dba R & M
18 INVESTORS, INC., a Washington
19 corporation,

20            Defendants.

NO.   11-2-00028-5

**CERTIFICATE OF SERVICE**

21

22      The undersigned declares as follows:

23      I am over the age of 18 years, not a party to this action, and competent to be a

24 witness herein.

25

CERTIFICATE OF SERVICE - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 THIRD AVENUE, SUITE 805
SEATTLE, WA 98104
TELEPHONE (206) 515-4800/FACSIMILE (206) 515-4848

On the 1st day of July, 2011, I caused to be delivered a true and correct copy of:

       *1.*     *Answer and Affirmative Defenses of Springs Window Fashions*

*Manufacturing Co., USA, Inc. to First Amended Complaint;* and

       *2.*     *Certificate of Service*

to the following counsel of record:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **COUNSEL FOR PLAINTIFF:**<br>Terry E. Lumsden<br>Attorney at Law<br>3517 Sixth Ave., Suite 200<br>Tacoma, WA 98406 | ☐ Via U.S. Mail<br>☒ Via ABC<br>☐ Via Facsimile<br>☐ Via Overnight Mail |
| **CO-COUNSEL FOR DEFENDANT SPRINGS:**<br>Jameson B. Carroll<br>JBC Law Group, LLC<br>2221 Peachtree Rd., Suite D-322<br>Atlanta, GA 30309-1148 | ☒ Via U.S. Mail<br>☐ Via ABC<br>☐ Via Facsimile<br>☐ Via Overnight Mail |
| **COUNSEL FOR DEFENDANT QUIGGLE:**<br>Kenneth E. Rossback<br>Law Office of Kenneth Rossback<br>3219 Sixth Avenue<br>Tacoma, WA 98406 | ☐ Via U.S. Mail<br>☒ Via ABC<br>☐ Via Facsimile (253) 752-6900<br>☐ Via Overnight Mail |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this /s/ day of _July_ , 2011.

_Karen Langridge_
Karen Langridge

CERTIFICATE OF SERVICE - 2



REC'D & FILED
MASON CO. WA.

2011 JUL 14 A 10: 45

PAT SWARTOS, CO. CLERK
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife, and as
Guardians ad Litem for MARIAH
ARMSTRONG, a minor,

Plaintiffs,

v.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO., USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all dba GRABER; MIKE AND
ROBERTA QUIGGLE, individually and as
husband and wife, and dba R & M
INVESTORS, INC., a Washington
corporation,

Defendants.

NO.   11-2-00028-5

**MOTION FOR LIMITED
ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE)**

## I. RELIEF REQUESTED

Gregory G. Wallace (the "Moving Party") moves the Court for the limited

admission of Jameson B. Carroll (the "Applicant") for the purpose of appearing as a

MOTION FOR LIMITED ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE) - 1

lawyer for Defendants Springs Window Fashions Manufacturing Co., USA, Inc., Springs Industries, Inc. and Springs Window Fashions, LLC, all dba Graber in this proceeding.

**Identity of Moving Party (Washington State Bar Association Member):**

Name: Gregory G. Wallace          WSBA No. 29029

Address: Law Office of William J. O'Brien, 999 Third Avenue, Suite 805

Seattle, Washington 98104

Telephone: 206-515-4800          Email: Gregory.wallace@zurichna.com

**Identity of Applicant for Limited Admission:**

Name: Jameson B. Carroll          Bar No. 112640

Jurisdiction of Primary Practice: Georgia

Address: Carroll & Weiss LLP, 1819 Peachtree Rd. Ste. 104

Atlanta, Georgia 30309

Telephone: 404-514-5061          Email: jameson.b.carroll@gmail.com

## II. STATEMENT OF THE FACTS

It is respectfully submitted that Applicant should be permitted to appear and participate in this proceeding because Applicant is already handling a similar lawsuit and is knowledgeable about the facts and the legal matters at issue.

## III.   STATEMENT OF THE ISSUE

Should the Applicant be granted limited admission to the practice of law pursuant to APR 8(b) for the purpose of appearing as a lawyer in this proceeding?

## IV.   EVIDENCE RELIED UPON

This motion is based on the accompanying certifications of the Moving Party and the Applicant for Limited Admission.

MOTION FOR LIMITED ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE) - 2

V.    LEGAL AUTHORITY

This motion is made pursuant to Rule 8(b) of the Admission to Practice Rules (APR).

VI.    PROPOSED ORDER

A proposed order granting the relief requested will be provided to the Judge/Court Commissioner.

DATED this _12th_ day of _July_, 2011.

LAW OFFICE OF WILLIAM J. O'BRIEN

By: _____
Gregory G. Wallace, WSBA #29029
Attorneys for Defendants Springs Window
Fashions Mfg. Co. USA, Inc., Springs
Industries, Inc., and Springs Window
Fashions, LLC, all dba Graber

MOTION FOR LIMITED ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE) - 3

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

## CERTIFICATION OF MOVING PARTY/WSBA MEMBER

I, Gregory G. Wallace, hereby certify under penalty of perjury under the laws of the State of Washington that:

1. I am an active member in good standing of the Washington State Bar Association.

2. I will be the lawyer of record in this proceeding, responsible for the conduct of the Applicant, and present at proceedings in this matter unless excused by the Court.

3. I have submitted a copy of this motion together with the required fee of $250.00 to the Washington State Bar Association, 1325 Fourth Avenue, Suite 600, Seattle, WA 98101-2539.

4. I have complied with all the requirements of APR 8(b).

5. I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed on _July 12th_, 2011 at Seattle, Washington.

_____
Gregory G. Wallace, WSBA #29029
Moving Party

MOTION FOR LIMITED ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE) - 4

## CERTIFICATION OF APPLICANT FOR LIMITED ADMISSION

I, Jameson B. Carroll, hereby certify under penalty of perjury under the laws of the State of Washington that:

1. I am a member in good standing of the bar of the State of Georgia.

2. I am a resident of Georgia and maintain a law practice in that state.

3. I have read the Rules of Professional Conduct adopted by the Supreme Court of the State of Washington and agree to abide by them.

4. I have complied with all the requirements of APR 8(b).

5. I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Signed on ____July 8th____, 2011 at Atlanta, Georgia.

Jameson B. Carroll
Applicant for Limited Admission

MOTION FOR LIMITED ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE) - 5

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805 .
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

## CERTIFICATE OF SERVICE

I, Karen Langridge, certify that at all times mentioned herein, I was and now am a citizen of the United States of America and a resident of the State of Washington, over the age of eighteen years, not a party to the proceeding or interested therein, and competent to be a witness therein. My business address is: Law Office of William J. O'Brien, 999 Third Avenue, Suite 805, Seattle, WA 98104.

On July 13, 2011, 2011, I caused a true and correct copy of the foregoing document to be served on the following individuals as indicated below:

Terry E. Lumsden
Law Offices of Terry E. Lumsden
3517 Sixth Avenue, Suite 200
Tacoma, WA 98406
*Via ABC Legal Messenger*

Kenneth E. Rossback
Attorney at Law
3219 Sixth Avenue
Tacoma, WA 98406
*Via ABC Legal Messenger*

DATED this 13th day of July, 2011 at Seattle, Washington.

Karen Langridge

Karen Langridge, Legal Secretary

MOTION FOR LIMITED ADMISSION PURSUANT TO
APR 8(b) (PRO HAC VICE) - 6

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

ORIGINAL

REC'D & FILED
MASON CO, WA

2011 JUL 19 A 11: 12

PAT SW...... CL CLERK
BY ____ TO-2 ____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
individually, as husband and wife, and as
Guardians ad Litem for MARIAH
ARMSTRONG, a minor,

        Plaintiffs,

    v.

SPRINGS WINDOW FASHIONS
MANUFACTURING CO., USA, INC., a
foreign corporation; SPRINGS INDUSTRIES,
INC., a foreign corporation; and SPRINGS
WINDOW FASHIONS, LLC, a foreign
corporation, all dba GRABER; MIKE AND
ROBERTA QUIGGLE, individually and as
husband and wife, and dba R & M
INVESTORS, INC., a Washington
corporation,

        Defendants.

NO.  11-2-00028-5

NOTICE OF UNAVAILABILITY OF
COUNSEL FOR DEFENDANTS
SPRINGS WINDOW FASHIONS

**Clerk's Action Required**

23

TO:    THE CLERK OF THE COURT; and

TO:    ALL PARTIES AND COUNSEL OF RECORD:

NOTICE OF UNAVAILABILITY - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

1       PLEASE TAKE NOTICE THAT counsel for defendants SPRINGS WINDOW

2  FASHIONS MANUFACTURING CO., USA, INC., SPRINGS INDUSTRIES, INC.; and

3  SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all dba GRABER, Gregory

4

5  G. Wallace, will be out of the office beginning Thursday, September 8, 2011 through

6  Wednesday, September 21, 2011, and during said time frame he will not be available for

7  hearings, motions or other court appearances and will not be available to actively respond

8  to any proposed depositions or motions filed during this time frame.

9       DATED this 14th day of July, 2011.

10

11                 LAW OFFICE OF WILLIAM J. O'BRIEN

12

13                 By:

                        Gregory G. Wallace, WSBA #29029

14                   Attorneys for Defendants Springs Window

                      Fashions Mfg. Co. USA, Inc., Springs

15                   Industries, Inc., and Springs Window

                      Fashions, LLC, all dba Graber

16

17

18

19

20

21

22

23

24

25

LAW OFFICE OF WILLIAM J. O'BRIEN
999 Third Avenue, Suite 805
Seattle, WA 98104
Telephone: (206) 515-4800/ Fax: (206)515-4848

ORIGINAL

REC'D & FILED
MASON CO. WA

2011 JUL 19 A 11: 12

PAT SWARTOS ... CLERK
BY _____ TO-2 _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

| | |
|---|---|
| JOHN AND KELLY ARMSTRONG, individually, as husband and wife, and as Guardians ad Litem for MARIAH ARMSTRONG, a minor, | NO. 11-2-00028-5 |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| SPRINGS WINDOW FASHIONS MANUFACTURING CO., USA, INC., a foreign corporation; SPRINGS INDUSTRIES, INC., a foreign corporation; and SPRINGS WINDOW FASHIONS, LLC, a foreign corporation, all dba GRABER; MIKE AND ROBERTA QUIGGLE, individually and as husband and wife, and dba R & M INVESTORS, INC., a Washington corporation, | |
| Defendants. | |

The undersigned declares as follows:

I am over the age of 18 years, not a party to this action, and competent to be a witness herein.

CERTIFICATE OF SERVICE - 1

LAW OFFICE OF WILLIAM J. O'BRIEN
999 THIRD AVENUE, SUITE 805
SEATTLE, WA 98104
TELEPHONE (206) 515-4800/FACSIMILE (206) 515-4848

On the 14th day of July, 2011, I caused to be delivered a true and correct copy of:

     *1.    Notice of Unavailability of Counsel for Defendants Springs Window Fashions;* and

     *2.    Certificate of Service*

to the following counsel of record:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **COUNSEL FOR PLAINTIFF:**<br>Terry E. Lumsden<br>Attorney at Law<br>3517 Sixth Ave., Suite 200<br>Tacoma, WA 98406 | ☐ Via U.S. Mail<br>☒ Via ABC<br>☐ Via Facsimile<br>☐ Via Overnight Mail |
| **CO-COUNSEL FOR DEFENDANT SPRINGS:**<br>Jameson B. Carroll<br>JBC Law Group, LLC<br>2221 Peachtree Rd., Suite D-322<br>Atlanta, GA 30309-1148 | ☒ Via U.S. Mail<br>☐ Via ABC<br>☐ Via Facsimile<br>☐ Via Overnight Mail |
| **COUNSEL FOR DEFENDANT QUIGGLE:**<br>Kenneth E. Rossback<br>Law Office of Kenneth Rossback<br>3219 Sixth Avenue<br>Tacoma, WA 98406 | ☐ Via U.S. Mail<br>☒ Via ABC<br>☐ Via Facsimile (253) 752-6900<br>☐ Via Overnight Mail |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 14 day of July , 2011.


_____
Karen Langridge

CERTIFICATE OF SERVICE - 2

REC'D & FILED
MASON CO. WA

2011 JUL 21 P 1 58

PAT SWARTOS, CO. CLERK
_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

JOHN AND KELLY ARMSTRONG,
Individually, as husband and wife and as
Guardians as litem for MARIAH
ARMSTRONG, minor

                                 Plaintiff,

and

SPRINGS WINDOW FASHIONS
MANUFACTURING CO. USA, INC. a
foreign corporation, dba GRABER: MIKE
& ROBERTA QUIGGLE, individually and
as husband and wife, and dba R&M
INVESTORS, INC. a Washington
Corporation.

                                 Defendant.

NO. 11-2-00028-5

ANSWER TO FIRST AMENDED
COMPLAINT AND MOTION TO
DISMISS R&M INVESTORS, INC.
AND MIKE AND ROBERTA
QUIGGLE

TO: ALL PARTIES HEREIN.

    COMES NOW the above-named defendant and hereby answers Plaintiff's complaint as follows:

    The defendants, R&M Investors Inc. and Mike and Roberta Quiggle, have insufficient knowledge as to the truth or falsity of all allegations in Plaintiff's complaint, and therefore DENY the same.

ANSWER TO FIRST AMENDED COMPLAINT
AND MOTION TO DISMISS - *1*



KENNETH E. ROSSBACK
3219-6th Avenue
Tacoma, WA 98406
Phone: 253-573-1300
Fax: 253-752-6900

Mike and Roberta Quiggle filed a chapter 7 Bankruptcy Petition on May 22, 2009; a copy of the notice is attached hereto and incorporated herein by this reference.

Mike & Roberta Quiggle received a discharge order from the Bankruptcy Court on September 11, 2009; a copy of the notice is attached hereto and incorporated herein by this reference.

R&M Investors Inc. no longer exists and all assets thereof have been liquidated by the chapter 7 trustee in the above reference case.

The automatic stay imposed by the bankruptcy court prohibits any action from being taken against the debtors or their property.

Therefore Mike and Roberta Quiggle respectfully request that they be dismissed from this action.

Dated: ___7-19-11___



Kenneth E. Rossback, WSBA #19560
Attorney for the Defendant

ANSWER TO FIRST AMENDED COMPLAINT
AND MOTION TO DISMISS - 2

ORIGINAL

KENNETH E. ROSSBACK
3219-6th Avenue
Tacoma, WA 98406
Phone: 253-573-1300
Fax: 253-752-6900

# United States Bankruptcy Court
### Western District of Washington
1717 Pacific Avenue
Suite 2100
Tacoma, WA 98402

REC'D & FILED
MASON CO. WA

2011 JUL 21 P 1: 58

PAT SWARTOS, CO. CLERK
BY_____DEPUTY

Case No. <u>09-43671-PBS</u>
Chapter 7

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Michael C Quiggle
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584

Roberta L Quiggle
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584

Social Security/Individual Taxpayer ID No.:
xxx-xx-0082

xxx-xx-7944

Employer Tax ID/Other nos.:

## DISCHARGE OF DEBTOR

The Debtor(s) filed a Chapter 7 case on <u>May 22, 2009.</u> It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 727.

BY THE COURT

Dated: <u>September 11, 2009</u>

<u>Paul B Snyder</u>
United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.



United States Bankruptcy Court
Western District of Washington

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 05/22/2009 at 3:37 PM
and filed on 05/22/2009.



**Michael C Quiggle**
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584
SSN / ITIN: xxx-xx-0082

**Roberta L Quiggle**
301 E. Wallknee Blvd, #224-153
Shelton, WA 98584
SSN / ITIN: xxx-xx-7944

The case was filed by the debtor's attorney:

The bankruptcy trustee is:

**Kenneth E Rossback**
Attorney at Law
3219 6th Ave
Tacoma, WA 98406-5901
253-573-1300

**Kathryn A Ellis**
600 Stewart St Ste 1300
Seattle, WA 98101
206-682-5002

The case was assigned case number 09-43671-PBS to Judge Paul B Snyder.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available with a Pacer account log in at https://ecf.wawb.uscourts.gov or via public terminals at the
Clerk's Office, 1717 Pacific Avenue, Suite 2100, Tacoma, WA 98402 or 700 Stewart St, Room 6301,
Seattle, WA 98101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Mark L. Hatcher**
**Clerk, U.S. Bankruptcy**
**Court**

ORIGINAL

REC'D & FILED
MASON CO. WA

2011 JUL 28 P 2: 41

PAT SWARTOS, CO. CLERK
BY_____
           DEPUTY

**SUPERIOR COURT OF WASHINGTON**
**FOR MASON COUNTY**

JOHN and KELLY ARMSTRONG, et al,     )     No. 11-2-00028-5
                                          )
             Plaintiffs,    )     ORDER SETTING:
       vs.                          )   (1) ADDITIONAL STATUS CONFERENCE;
                                          )   (2) DISCOVERY SCHEDULE;
SPRINGS WINDOW FASHIONS           )   (3) DISPOSITIVE MOTIONS;
MANUFACTURING CO., et al,        )   (4) TRIAL SETTING CONference
                                          )   (5) TRIAL DATES; and/or
                                          )   (6) TRANSFER TO ARBITRATION
                                          )
               Defendant(s).   )   STAHRG/OR/ORSSC/ORPTH/ORSTD/ORTRMA
                                          )   *[Dates Calendared by: RO ]*

     A status conference having been held on the _28_ day of _July_,
20_11_, in this case; it is stipulated and ordered as follows:

[ ]  1.  **ADDITIONAL STATUS CONFERENCE**. An additional status conference is
       set for the _____ day of _____, 20_____, at _____
       a.m. *CONFERENCE MAY BE DONE TELEPHONICALLY.  ALL PARTIES WISHING TO*
       *PARTICIPATE BY CONFERENCE CALL MUST BE ON THE LINE PRIOR TO CALLING*
       *(360) 427-8440.*

[ ]  2.  **DISCOVERY SCHEDULE**. The discovery schedule shall be as follows:

     [ ]  Discovery shall be permitted until the _____ day of _____,
         20_____, to include service of the resultant product upon opposing
         counsel as appropriate.

     [ ]  Plaintiff(s) shall disclose all people with knowledge and experts
         no later than the _____ day of _____, 20_____.

     [ ]  Defendant(s) shall disclose all people with knowledge and experts
         no later than the _____ day of _____, 20_____.

[ ]  3.  **DISPOSITIVE MOTIONS**. Dispositive motions shall be held by the ___
       ___ day of _____, 20_____.

[ ✓ ]  Additional scheduling information on second page.

[ ] 4. **MEDIATION**.

    [ ] This matter shall be submitted to mediation pursuant to Mason County Superior Court LCR 40 and RCW 7.07 no later than the _____ day of _____, 20____.

    [ ] The mediator shall be _____.

    [ ] The cost of mediation shall be:
    [ ] split equally among the parties
    [ ] as determined in mediation
    [ ] other: _____

[ ✓ ] 5. **TRIAL SETTING CONFERENCE**. A trial setting conference is set for the 11th day of January, 2012, at 8:30 a.m. *CONFERENCE MAY BE DONE TELEPHONICALLY. ALL PARTIES WISHING TO PARTICIPATE BY TELEPHONE MUST BE ON THE LINE PRIOR TO CALLING (360) 427-8440.*

[ ] 6. **TRIAL DATE**. All civil trials are set secondary to criminal cases in the following order:

    [ ] *FIRST SET CIVIL*. The _____ day of _____, 20____, at _____ a.m./p.m. through the _____ day of _____, 20____, before [ ] Dept. 1 / Judge Finlay    [ ] Dept. 2 / Judge Sheldon Jury:  [ ] No  [ ] Yes [_____ - Person]

    [ ] *SECOND SET CIVIL*. The _____ day of _____, 20____, at _____ a.m./p.m. through the _____ day of _____, 20____, before [ ] Dept. 1 / Judge Finlay    [ ] Dept. 2 / Judge Sheldon Jury:  [ ] No  [ ] Yes [_____ - Person]
    First set case: _____  Cause No. _____

[ ✓ ] 7. **OTHER**. An agreed case management schedule shall be filed with the court by August 11, 2011, to include a discovery schedule with discovery cut-off date; a date by which the terms of mediation as provided for in Mason County LCR 40, 2.4.1 (copy enclosed) will have been agreed to; and a trial setting conference date, if different than as set forth above. Court Administration shall review this file on August 18, 2011, and if an agreed case management schedule has not yet been entered, this matter will be set on for another Status Conference.

ORDERED this 28 day of July, 20 11.

Toni a Sheldon
_____
Judge/~~Court Commissioner~~/~~Court Administrator~~

*I certify under penalty of perjury under the laws of the State of Washington that a conformed copy of this document was ~~hand delivered~~/mailed (postage prepaid) on* ‾7-28-11‾ *to the following individuals: [Signed by* ‾Rochelle Osman‾ *on* ‾7-28-11‾ *at Shelton, WA]*

ATTORNEY FOR PLAINTIFFS:
Terry Lumsden
Attorney at Law
3517 Sixth Ave.
Suite 200
Tacoma, WA 98406

ATTORNEY FOR DEFENDANT(S):
Springs Window Fashion:
Gregory Wallace
Attorney at Law
999 Third Ave., Suite 805
Seattle, WA 98104

ATTORNEY FOR DEFENDANT(S):
Mike & Roberta Quiggle dba R&M Investments:
Kenneth E. Rossback
Attorney at Law
3219 Sixth Ave.
Tacoma, WA 98406